*SMITH* vs. *DUNCAN & JACKSON.*

A private debt cannot be set off against a partnership claim.

THE plaintiff claimed the proceeds of ten bales of cotton consigned to the defendants, on his private account and risque, which they retained in part of a partnership debt due by the plaintiff and Nancarrow.

*Grymes*, for the plaintiff. This being a debt due to the plaintiff in his private capacity, the amount of it could not be retained by the defendants in satisfaction of a partnership debt: for although partners are jointly and severally liable, they are only severally so after the partnership has become insolvent and the partnership fund is exhausted.

*Duncan*, for the defendants. Partners are severally liable for partnership debts, even before the insufficiency of the partnership fund. *Watson*, 234, 238. One partner may be sued without joining the other. *Ibid.* 432. &c. *Burrows*, 2613. A judgment recovered against a firm may be set off against a judgment obtained by one of the partners. *Lex Merc. Am.* 442, *Tidd*, 604.

The distinction in the books is this: partnership effects cannot be applied to private debts, but private effects may to partnership debts. Under an execution against partners, the private property of any of them may be taken. A debt due to a defendant as surviving partner, may be set off

D

FALL 1809,
First District.

WOOLSEY
*vs.*
CENAS.

against a demand on him in his own right.   6 *Term Rep.* 582, *Tidd* 560.

*Grymes*, in reply.   All the authorities cited, go merely to prove the general principle of the joint and several liability of partners, and whenever the books speak of their several liability, the position is predicated, on the ground that the partnership fund is exhausted.

*The Court*, LEWIS, *J. alone* gave
                    JUDGMENT FOR THE PLAINTIFF.