Martin, J.
delivered the opinion of the court. The plaintiffs and appellants claim $1192 92, the amount of a quantity of goods, purchased by the defendant from their firm: the account, which is annexed to the petition, is made part of the statement of facts.
The defendant opposes to the plaintiffs’ claim, an account against the firm, by which it appears, that he is a creditor of the firm for $93, 79. This account, annexed to the answer, is also made a part of the statement of facts.
The two principal items, in the defendant’s account, the refusal to admit which occasioned the present suit, are a sum of $900 and one $300, charged as paid to the plaintiffs on the 14th of December, 1813. These payments, it is alleged, were effected by the delivery of two checks of *377 the defendant, to one of the plaintiffs, at a gaming table. The receipt of these two sums by one of the partners is not denied: but it is contended they were a loan to him, on his private account, for which the firm is not responsible.
East’n. District.
May 1816.
The defendant insists that these two sums were a payment to the firm: that a payment to one of the individuals of a firm discharges the partnership debt, on which it was made—that the present one is not invalidated by the place in which it was effected, nor by any use made by the partner who received it.
The case was tried in the parish court of New-Orleans, where a jury found a verdict for the defendant. The plaintiffs prayed for a new trial, but the court refused it, on the ground that the payment was a correct one, and the plaintiffs are bound to allow it. From the judgment of the parish court, the plaintiffs brought the present appeal.
We are of opinion that the judgment is an erroneous one: the sums in dispute were improperly allowed as a payment.
From the defendant’s own shewing, in the account annexed to the answer, the two checks were *378 handed on the 14th of December 1813, at a time when, it appears by the same account, there was nothing due from the defendant to the plaintiffs ; and from the plaintiffs’ account, $ 670 cent only appear to be due. The goods charged appear to have been purchased, for the most part on the 22d of the same month, so that the amount of the checks, delivered eight days before, was improperly considered as a payment of them. A payment is in its nature, though not in its essence, posterior to the debt.
It remains for us to enquire, whether we can consider the proceeds of the checks, in such a light, as to admit them in compensation of the debt. It clearly appears that the money was loaned : now, a loan to one of a firm does not bind the firm to repay, unless the money loaned be for the use of the firm. Nothing shews this to be the case here. The place, in which the loan was made, gives rise to a strong presumption, that its object was the sole accommodation of the one of the plaintiffs who received it. The debt must be viewed as his private debt. Now, it is clear that a private cannot be set off against, a joint debt. Smith vs. Duncan & al. 1 Martin, 25.
Independently of these two sums, that of $ 480 was also paid after the creation of the *379 debt, resulting from the purchase of goods, in the same manner, viz. by a check handed at the gaming-table to the same partner: $400 of which appear to have been returned. If this transaction stood aloof from the other, we might incline to allow the $ 80, as a payment. But the transaction is so much akin to the former, that it must take its character from it. The defendant had before, at the same place, lent money to one of the partners, on his private account: now the subsequent supply afforded, was, in all its circumstances so similar, that it partakes too much of the nature of the former to be distinguished from it.
Porter and Depeyster for the plaintiffs. Grymes for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that the plaintiffs do recover from the defendant the sum of eleven hundred and ninety-two dollars and ninety-two cents, with interest, at the rate of five per cent per year, from the date of the judicial demand, with costs.