Porter, J.
delivered the opinion of .the court. This action ought, in strictness, to *422 have been cumulated with the other proceedings in the bankruptcy of Brandt & Co., and J. Brandt and H. Foster: however, as it has . - * been carried on to this stage, without the ob-O 7 jection being taken, we have considered the different questions raised in it.
The first is, what species of partnership was entered into between William Ward and James Johnson, of Kentucky; and Henry Foster and John Brandt, of New-Orleans ? Máriy of the other points urged in argument depend on the decision of this.
The articles of partnership state, that the .aforesaid persons had associated, “ for the purpose of doing commission business as factors, in the city of New-Orleans.”
The plaintiff’s counsel contend, that this is a particular partnership, .coming under the définition contained in the 13th article of the Civil Code, 390, which declares, that where persons associate together for the exercise of some trade or profession, it is a particular partnership; in the French text, the words are, quelque metier, ouprofession.
The court must understand the expression, “to do commission business in New-Orleans, as factors,” as it is to be presumed *423 the persons who entered into the contract did, when they used it. To enable us to do this, the first rule of construction is to endeav-our to‘ascertain what was the common intention of the parties, rather than adhere the literal sense of the terms. Civil Code, 270, art. 56.
Factors are those who are appointed to transact a particular business, in the name of another, and not in their own. Curia Philipica, Commercio, terrestre, lib. 1, cap. 4, n. 1.
Commission business is transacted in this city, not in the name of the principal, but in the name of the house to whom the property-is transmitted for sale. They dispose' of it as their own ; take bills payable to themselves for the price; and when they purchase, it is they who state themselves buyers, not the house in Philadelphia, London or Parb, who may have commissioned them.
The different members of the sentence taken together, convince us that the intention of the parties was to establish a commission house in this city, of the ordinary kind. The expression, “ as factors,” does not prove any thing else was contemplated; for. the meaning attached to the word factor, in com *424 mon parlánce,is quite consistent with the other terms of the sentence, as we understand them.
Our law defines merchants — those persons wjj0 4,Uy arKl sell merchandize to maké profit' by it. Curia Philipica, lib. 1, cap. 1, n. 3.— Commission merchants, who have a house established in Ñew-Orleans,' and Who live by buying and selling those objects, which form the commerce of this place, come almost within the letter of the definition just given.
The Circumstance of the business not being carried on. in the name of all the partners, is presented as an objectioh against considering it an “ ordinary partnership.” Civil Code, 390, art. 15.
We understand the expressions in our Codé to mean the name which is given to the firm by the consent and approbation of the partners; the commerce is then carried on in the name of all ; and that jt is not of the essence of a commercial partnership, that the name of each of the partners should be inserted in the style of the house. In the French text, the words used for ordinary partnership, are la société en nom collectif. The article next succeeding that quoted in support of this novel idea, says, the stock consists of what is *425 acquired in the partnership name, au nom so- . . dal; and in page 396, art. 37, n. 5, we learn that contracts signed, “ such a one & co.” gives the property to the partnership, although the purchase may have been made out of the monies of one of the partners.
As the plaintiff claims, as assignee of several persons, we shall first examine the right acquired from two of the partners of the house ©f Brandt & Co.
In the latter character he avers:—
1. That he has a right to prove the debt due to the separate partners by the firm, and to be paid pro rata with the other creditors.
2. That he is the only person who has proved that his claim arose from consignments on commission business, and therefore the only one who should be paid.
3. That as assignee of the partnership in Kentucky, of E. P. Johnson & Co., and Wards & Johnson, he has a right to prove the debts contracted with them, although some of the partners of these houses were members of that of Brandt & Co.
4. That consigning goods to a factor, does not vest in him the property of these goods, and that the consignor has a right to be *426 paid in preference, even if the object has been r alienated.
5. That the debt due to him is privileged on the estate of J. Brandt and H. Foster; because they were agents to collect monies for persons not living in Louisiana, and the law has given a mortgage on the estate of those who administer the property of the absent.
6. That he is a creditor of J. Brandt and Henry Foster; because, when partners appropriate partnership funds to their own use, they become debtors to the other partners, not to the creditors of the partnership. And lastly, that the partners in the house of Brandt & Go., who resided in Kentucky, executed a mortgage in his favor, hypothecating for the security of the debt due him, all the real estate owned by them in Louisiana.
I. If the plaintiff was correct in this position, it would lead to very inconvenient results, and produce a circuity of actions, which the law abhors. The partners in whose name this claim is sought to be enforced, are bound in solido, to the other creditors of Brandt & Co. for the debts of that partnership, and liable s*t any moment to be sued for them. We can *427 not therefore perceive the justice or legality r J J of permitting debtors to withdraw funds from their creditors or creditors agents, (for such the syndics are) unless they offer at the same time to discharge their debts. At the dissolution of a partnership, all debtsdue,mustbepaid before there is a division among the partners. Curia Philipica, lib. 3, cap. 3, sec. 46. 10 Martin, 435. The common law cases,quoted in argument, are quite opposed to the doctrine for which the appellant contends.
II. The claim to be paid on the ground that the present plaintiff is the only creditor who has proved that his debt arose from consignments, takes its rise from the idea which has here been already examined in the first part of the opinion : — viz. that this was a co-partnership of factors, in the limited sense in which that word may be understood. We have already seen that it must be considered, as an ordinary commercial partnership, for the purpose of transacting commission business. The law, as cited from the Curia Philipica illustruda, lib. 3, cap. 3, n. 62, seems to have been modified by the provision contained in the Civil Code, art. 41, n. 4, which declares *428 that the partnership is bound by the debt, contracted in its name, even when that debt has not turned to its advantage; unless by the nature of the contract, it should appear that it had nothing to do with the affairs of the partnership. The question then is, have no other debts but those which arise from consignments relation to the affairs of the partnership ? We are not prepared to say so. When it forms a part of the business of a house, such as this was, to buy and sell; when those sales are made in its own name; when the credits which it receives in payment, are taken payable to itself, and must frequently be ne-gociated for the purposes of immediate remittance, or to meet the acceptance, come under for the consignors; when, in making purchases, it becomes necessary that it should be responsible in the first instance to the sellers : when all this, and much more, in the same way, must be done, to enable the house to carry on the business for which it was formed; it is to be presumed the partners knew that these means were necessary to the end they had in view: that they contemplated the exercise of them, and therefore, cannot now exclude all creditors, save those who forwarded goods to be sold on commission.
*429 III. It is contended, that as assignee of the . ° partnerships in Kentucky, of E. P. Johnson Sc Co., and Wards Sc Johnson, the appellant has a right to prove, and be paid the debt contracted with those houses, although some of their members were also partners in the house of J. Brandt Sc Co.; and in this position we concur. It has been already decided that the private debt of one partner cannot be set off against that due the partnership. 1 Martin, 25, 4 ibid. 378. Yet this is what is attempted to be done here. The firm of Brandt & Co. owes E. P. Johnson & Co., and they resist payment, because some of the partners of the latter owe the former, or rather are responsible for their debts.
IV. The appellant next insists, that he has a privilege on the estate of the insolvents, in preference to mere chirographary creditors, because placing merchandize in the hands of a factor, does not transfer to him the property in it, and that the same privilege which exists on the thing, attaches itself to the proceeds, if the object be sold. The court thinks otherwise. The delivery of property to a factor, to be disposed of, confers a right to sell it, *430 of course a sale bj him divests the proprietor of his title. The case of Clay vs. his creditors, 9 Martin, is not at all like that now before us. Pledging an object, neither alienates it, nor confers a power on the pawnee to do so, unless in default of payment. If sold otherwise, the law justly gives a privilege, for the owner is deprived of his property without his consent. In the case of Clay already cited, the court declared that when the property was in the hands of an insolvent, by virtue of a contract which did not transfer the owner’s title to it, that there existed a privilege on the object, or if alienated, for its value. If the contract did transfer the title, that privilege was lost; and so we consider it, if the owner authorises an other to make the transfer, for then, in case the proceeds cannot be traced, the agent becomes personally indebted.
Y. The absent persons spoken of in our Code, in whose favour the law gives a mortgage on the property of those who administer their estate, are perhaps those who are declared absent, not those who are reputed such. But if they were the latter, the plaintiff’s pretentions are not much advanced by such a construction.
*431 It is insisted we must take the letter of the law, Code, 456, art. 20, and not look at its spirit. Be it so: — the expressions in English are, they who not *being tutors or curators, take on themselves the administration; in French, ceux qui se sont immiscis. These texts must be construed together, for the law was passed before the adoption of our constitution, and in both languages. 2 Martin’s Digest, 98. So construed, there is not a doubt that the words used convey the idea, that the persons alluded to, are those, who without the consent of the proprietor, undertake to manage his estate: Who intermeddle with it.
VI. By the statement of facts, it appears that J. Brandt and H. Foster, owed to J. Brandt & Co. a large sum of money. That debt; like every, other due the partnership, passed to the creditors of the firm, in consequence of a forced surrender being ordered, and they, or their agents, have alone the right to receive it. The decisions cited on this point, ⅝ were given in cases where both the partner- ■ ship and separate partners had become bankrupts ; they relate to the distribution óf the estate, between the different creditors of each,‘ *432 and they have no application to an action like the present, where the partner who advances these pretentions, is solvent, and responsible f°r the partnership debts.
The last point presents no difficulty. The mortgage was executed in Kentucky, months after a respite had been accorded to the partnership here. A preference of this kind, could not be given by all the firm after that respite was applied for; it follows that it could not be accorded by a part of that firm, — otherwise each of the members, by acting individually, might alienate all the property of the partnership, although they could not do it collectively, which would be absurd. There is nothing in the argument that the partners in Kentucky were solvent: for though they might be so individually,yet as partners of Brandt & Co. they can* not be Considered such, and it was only ¿in the latter character they had the right to meddle with, alienate, or grant an incum-brance on this property.
There appears no difficulty in regard to the debt due to Lee White, and by him assigned to the plaintiff.
According to the principles just.laid down, the plaintiff is entitled to be paid equally with *433 the simple creditors of Brandt & Co., for the debt assigned him by Lee White, E.P. Johnson & Co., and Ward & Johnson, viz. for the sum of nineteen thousand nine hundred and thirty one dollars, forty cents, and the appellee should pay costs.
It is therefore ordered, adjudged and decreed, that the plaintiff be placed on the tableau of distribution of the late firm of John Brandt & Co., as simple creditor, for the sum of nineteen thousand nine hundred and thirty-one dollars, forty cents; and it is further ordered, that the appellee pay the costs of this appeal.