BLANCHARD
*vs.*
COLE ET AL.

### BLANCHARD *vs.* COLE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Parole evidence of a fact, that should appear by entry on the minutes and of record, is irregular and novel; but the objection will not be noticed on appeal, when it does not seem to have influenced the decision of the cause.

Garnishees cannot offer the papers of a suit by a third person in evidence, to show the same property has been attached in their hands.

Garnishees cannot plead an open account in compensation of the value of the debtor's property in their hands, at the time it is attached by a creditor.

Compensation is of three kinds: legal, or by operation of law; compensation, by way of exception, and by reconvention.

Garnishees cannot set up a demand in compensation against the defendant, in the suit which does not take place by the mere operation of law.

So, where the garnishees owed the defendants a balance for account of sales and for property on hand, and set up a demand in compensation for notes and interest due them, as legatees of their deceased brother: *Held,* that this debt is not extinguished by compensation between them and the defendants; and the property and funds in their hands must be considered as liable to the plaintiff's attachment against the defendants.

This is an action by the acceptor against the drawers of a bill of exchange for eight hundred dollars, which was paid by the plaintiff.

The petition charges that the firm of Cole & Co., in St. Louis, on the 22d November, 1833, drew the bill in question, on the plaintiff, payable four months after date, which he accepted and paid at maturity, whereby said firm became indebted to him for the amount thereof. He alleges the defendants reside out of the state, but have funds and property in the hands of M. & P. Maher, which he attaches, and prays judgment for the amount of his claim, and that

M. & P. Maher be summoned as garnishees, and required to answer, on oath, the following interrogatories :

1. Have you in your possession any property of Cole & Co., of St. Louis, the defendants in this suit ?

2. If yea, specify every part of the same, with its value, as minutely as the nature of the case will permit ?

3. Do you owe said defendants ; if yea, how much ?

In a supplemental petition the plaintiff alleges he accepted and paid the bill after it had been put in circulation and without receiving any value or having any funds of the drawers in his hands, but solely for their accommodation and benefit, which they have refused to repay to him.

The defendants pleaded a general denial.

The garnishees answered that they had no funds, but some little property of the defendants in their hands, which they had a right to return ; that the defendants were indebted to them in a large amount, for funds advanced, much more than the value of the property in their hands.

The district judge, on these pleadings, after hearing proof of the plaintiff's demand, rendered judgment against the defendants for the amount claimed ; and that it be paid and satisfied out of *the property attached.*

This judgment was rendered the 22d of May, 1834, and on the 24th, the counsel for the plaintiff took a rule on the garnishees, to show cause why judgment should not be entered against them for the amount of the debt, interest and costs, on the ground that their answer is insufficient and admits the facts in question.

2. That the answer is untrue, the garnishees having a large amount of defendant's property on hand, on which they have no privilege.

The garnishees answered, that the property of defendants on hand, amounted to three hundred and ninety-nine dollars fifty cents ; that defendants are indebted to the succession of their deceased brother, of whom they are legatees and successors in business, in the net sum of seven thousand one hundred and fifty-four dollars seventy-one cents, according to an account current annexed ; that, as appears by an account

of sales, also annexed, there is a balance due the defendants, of six hundred and ninety dollars eighty cents. They deny that they are indebted to the defendants in any manner, on a final settlement, but that the latter are indebted to them.

On hearing the rule it was made absolute, the district judge being of opinion the garnishees were liable for the amount of the judgment previously rendered against the defendants. From this decision, the garnishees appealed.

*Hennen*, for the plaintiff, contended that the garnishees were liable for the plaintiff's debt, as appeared from their own showing and the accounts rendered. They admit they have *property and funds of the defendants in their possession*, which are attached in this suit, and liable to the plaintiff's demand.

*Preston*, for the garnishees and appellants.

1. In this case, judgment is rendered against the garnishees for the amount of the plaintiff's demand against the defendants, on the ground that the garnishees being cited did not answer within ten days, in support of which is invoked the *Code of Practice, articles* 262, 263.

2. The provisions of the Code of Practice relied on, are not penal laws, but directory ; prescribing the time and the mode in which the evidence of a garnishee, who is wholly disinterested between the parties, may be had.

3. The answers of the garnishees in this case, were filed before judgment, even by default, had been rendered ; and therefore, in time to have prevented final judgment against them. *Code of Practice, article* 263.

4. The answers are very explicit, and show that the defendants owe them seven thousand one hundred and fifty-four dollars, while they had on hand property of the defendants, unsold, amounting to only three hundred and ninety-nine dollars fifty cents.

5. The proceeds of all the sales before the attachment, being in their hands, and the defendants at the same time

largely indebted to them, *compensated in law* the debt thus far, and which were in reality carried into account.

6. There is no distinction in law or otherwise, between a debt due as universal legatee of a deceased brother, and that which is contracted by the party. They are each a debt due, are equally compensated by any funds of the debtor in the hands of the garnishee. *Louisiana Code*, 1602 *and* 2204.

7. The garnishees have a privilege on the property of the defendants in their hands, for advances made, as there is a balance due for advances made on all the consignments. *Louisiana Code*, 3214.

*Mathews, J.,* delivered the opinion of the court.

This is a case of attachment, in which M. & P. Maher were cited as garnishees, and interrogated as to property in their possession, belonging to the defendants, and also as to their indebtedness to him. The interrogatories were put not very formally, and the responses to them were not made in a manner so precise and categorical as they might have been. The court below rendered judgment against the defendants, and condemned the garnishees to pay the amount. From this judgment the latter alone appealed; consequently, the decision of that court is here to be examined only so far as it affects the interest of the garnishees.

Parole evidence of a fact that should appear by entry on the minutes, and of record, is irregular and novel, but the objection will not be noticed on appeal, when it does not seem to have influenced the decision of the cause.

We find on the record two bills of exception taken by the counsel of the garnishees: one to the opinion of the judge *a quo*, by which he admitted parole testimony of a fact which ought regularly to have appeared by entry on the minutes of his court; the other, to his refusal to admit in evidence the record of a suit offered to show that funds had been attached in their hands, to a large amount, by another person, assuming to be a creditor of the defendants, Cole & Co. previous to the attachment now in question. As to the first of these exceptions, it appears to us to be somewhat novel to allow oral evidence to establish facts which ought regularly to appear of record; but as the fact allowed thus to be proven, seems to have had no influence with the court in its final

decision of the cause, it needs no further notice. As to the
second we are unable to discover what bearing on the case the record offered in evidence can have, according to the
pleadings ; and if it can have none, it was properly rejected as irrelevant.

In coming to a decision on the merits of the case, some embarrassment is found, caused by the want of technicality in which it seems to have been conducted in the court below. The garnishees appear to be partners of a factorage or commission house, and their answers are sworn to by one of them alone. After having answered in the first instance, they by leave of the court, filed a supplemental and explanatory answer. This explanation or amendment was introduced, late in the cause, but being before any action of the court, in relation to the interest of the garnishees, it may be considered as having appeared in time ; at all events, it does not seem to have been opposed by the plaintiff. We will therefore consider the two answers as an entire thing, or as constituting a whole.

The answers contain a denial of funds belonging to the defendants in the hands of the garnishees, except some smoaked beef and a few other articles which are stated to be worth three hundred and ninty-nine dollars fifty cents. They do not expressly deny being indebted to him, but allege that they are largely indebted to the respondents, and in support of this allegation they annex to their supplemental answer accounts of sales and an account current, showing a balance in their favor of seven thousand one hundred and fifty-four dollars seventy-one cents. From this statement it is seen that these answers are not technically categorical, but taking the facts disclosed in them as true, they show, that Cole & Co. were indebted to the garnishees in the sum of ten thousand three hundred and fifty-one dollars, the greater part of which sum was due at the time of levying the attachment ; much the largest portion of this amount appears to be owing to them as legatees of a deceased brother.

The amount owing by them to the defendants appears to be upwards of three thousand dollars, independent of the

EASTERN DIST.
April, 1835.

BLANCHARD
vs·
COLE ET AL.

Garnishees cannot plead an open account, in compensation of the value of the debtor's property in their hands, at the time it is attached by the creditor.

Compensation is of three kinds: legal or by operation of law; compensation by way of exception, and by reconvention.

Garnishees cannot set up a demand in compensation against the defendant, in the suit which does not take place by the mere operation of law.

property on hand of the value of three hundred and ninety-nine dollars and fifty cents.

According to these premises, we conclude that a correct decision of the case depends mainly on the doctrine established by our jurisprudence, in relation to compensation by mere effect of law. As regards the property of the defendants in the possession of the garnishees, at the time of levying the attachment it is clear that no compensation could take place, consequently it is subject to the claim of the attaching creditor. Respecting the money, reciprocally owing between the defendants and the garnishees, we have entertained perplexing doubts.

Compensation may be divided into three kinds : legal compensation or that which produces its effect *ipso jure* ; compensation, by way of exception ; and compensation by way of reconvention. 7 *Toullier, No.*, 347.

It is the first of these kinds of compensation which we have alone to examine in the present case.

The general rules which must direct us in this examination are those established by the Louisiana Code. The article 2204, declares that "compensation takes place of course by the mere operation of law, even unknown to the debtors ; the two debts are reciprocally extinguished, as soon as they exist simultaneously to the amount of their respective sums," article 2205. " Compensation takes place only between two debts, having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable."

By the account exhibited in answer of the garnishees it is shown that their claim against the defendants, to the amount of nine thousand three hundred and ninety-seven dollars, is liquidated by promissory notes of the latter and conventional interest thereon, whilst the credit allowed to them appears only by an unsettled account, in which the former assume the place of debtors to the amount specified therein.

This account being rendered by them would be available for the defendants, as compensation by way of exception, if the garnishees were plaintiffs in an action ; because it wants

nothing but the assent of the creditors to its correctness, to make it certain and liquidated. Without such assent either express or implied it is devoid of the requisites, certainly as to quantity at least, and therefore is not liquidated in such a manner as to produce compensation by the mere operation of law.

The garnishees, consequently, appear before us as debtors to Cole & Co. to an amount largely exceeding the claim of the plaintiff, and as this debt is not extinguished by compensation between them and the defendants, it must be considered as the property of the latter, liable to be taken at the suit of their creditors, who are entitled to profit by their vigilance in opposition to the interest of the less careful and vigilant.

In support of the doctrine assumed in this decision, reference may be had to 7 *Toullier, Droit Civil, Nos.* 369 and 370.

It is readily seen that the principles on which this case is decided, have no relation to those which would govern in cases respecting the rights and privileges of factors, to retain funds in their hands to satisfy their legal charges and advances made on the credit of property, consigned to them as commission merchants.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*April,* 1835.

BLANCHARD
*vs.*
COLE ET AL.

So, where the garnishees owed the defendants a balance for account of sales, and for property on hand, and set up a demand in compensation for notes and interest due them, as legatees of their deceased brother : *Held,* that this debt is not extinguished by compensation between them and the defendants, and the property and funds in their hands must be considered as liable to the plaintiff's attachment against the defendants.