Bullard, J.
The present case discloses the following state of facts : McLean, one of the partners of Dick, McLean & Hill, had a judgment against Charles Byrne, for about two thousand dollars. The firm had, at the same time, in the warehouse of Byrne, a lot of cordage on store, upon which there was due by them, on the 7th June, 1842, $313 26 for storage. On that day Byrne transferred and assigned the account to Joseph Landis, and Dick, McLean & Hill, were notified of the assignment. Thereupon, they brought the present action in which they claim that the rope shall be delivered to them, alleging that the claim for storage had been extinguished by compensation by the effect of the judgment rendered in favor of one of the partners, which was thereby extinguished, pro tanto. The defendant Landis, claimed the amount of the storage in reconvention ; and judgment having been rendered in his favor, the plaintiffs appealed.
The case, therefore, presents this question, whether a commercial firm can oppose in compensation of a debt due by the firm a debt due to one of the partners; or rather, whether such compensation takes place by operation of law.
The general rule according to the Civil Code is, that the debtor, in solido, cannot oppose the compensation of what the creditor owes to his co-debtor. Art. 220S.
■ But if the co-debtor assents to the compensation, we see no objection to the doctrine of Pothier, that it may be allowed by way of exception. Oblig. part 2, No. 594.
*467 It is, however, contended, that the compensation took effect by-operation of law, to the extent of McLean’s share of the debt due to Byrne at least; and to that effect the counsel cited Pothier on Obligations, No. 274, Domat, and 6 Toullier, 733.
This position is sustained as it relates to ordinary co-debtors, in solido, by the authorities cited by the.counsel; and also by Duranton, vol. 3, Des Contrats et Donat. No. 948. But in relation to partnership debts, this court has adopted the doctrine of Toullier, as more consonant to the positive enactment of the Code. That author treats a commercial partnership as an artificial being, distinct from the persons of which it is composed.
“ Les cróances de la sacióte ne peuvent done etre compensóos avec les deltes de chaqué associó, lorsque ces deltes tCont point etc contractees pour le compte de la sociétó, maispour son compte porticulier, et vice versa. 7 Toullier, 378.
This is the view of the question which the court took in the case of Blanchard v. Cole et al. 8 La. 153, 160.
In the case now before the court, if Byrne had sued the firm, for the storage, the latter might, with the consent of McLean, have availed themselves of compensation by way of exception, but that compensation did not take place by operation of law ; and after the transfer of the debt to Landis, and notice to the firm, the compensation cannot avail the defendants.
See also, Smith v. Duncan & Jackson, 1 Mart. 25, and Thomas v. Elkins, 4 Mart. 378.

Judgment affirmed.