KEMP vs. AMACKER.

APPEAL FROM THE COURT OF THE EIGHTH JUDICIAL DISTRICT FOR THE PARISH OF ST. HELENA, THE JUDGE THEREOF PRESIDING.

In an action of slander for damages, in consequence of slanderous words spoken, the defendant cannot reconvene for slanderous words alleged to have been uttered by the plaintiff against him.

The demand in reconvention, in an action for slanderous words spoken, is not necessarily connected with, and incidental to the principal one, as is required by law.

This is an action of slander, to recover damages for slanderous words spoken by the defendant concerning the plaintiff.

The defendant pleaded a general denial; and reconvened in damages, for certain slanderous words alleged to have been uttered by the plaintiff against him.

On the trial, on motion of the plaintiff's attorney, the demand in reconvention was struck out. The cause was then submitted to a jury, who returned a verdict for the plaintiff of seventy-five dollars in damages, and from judgment rendered thereon, the defendant appealed.

Davidson and Penn, for the appellant, contended that so far as the judgment condemned him to pay costs it was erroneous, because there was no proof of an amicable demand, although it is specially denied in the answer. If the amica-

EASTERN DIST.
January, 1839.

THOMPSON
vs.
HUTCHISS.

ble demand be denied and not proven, the plaintiff most pay the costs of suit. 7 *Martin, N. S.,* 265. 8 *ibid.* 117. 4 *Louisiana Reports,* 151.

2. The evidence does not support the verdict of the jury, consequently the judgment should be reversed.

*Bullard, J.,* delivered the opinion of the court.

This is an action of slander, to which there was a plea of the general issue, and the defendant attempted to reconvene for slanderous words, alleged to have been uttered by the plaintiff against him.

On motion of the plaintiff's attorney, the reconventional demand was struck out; and after verdict and judgment against him, the defendant appealed.

The court, in our opinion, did not err. The demand in reconvention was not necessarily connected with, and incidental to the principal one, as required by the code. *Code of Practice, article* 374, 375.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.