MORGAN *vs*. DRIGGS ET AL.

EASTERN DIST.
June, 1840.

MORGAN
*vs.*
DRIGGS ET AL.

APPEAL FROM THE COURT OF THE FOURTH JUDICIAL DISTRICT, FOR THE PARISH OF POINT COUPEE, THE JUDGE OF THE SECOND DISTRICT PRESIDING.

In a possessory action, the plaintiff must show his possession by definite objects, and that he has been disturbed. Where the *locus in quo* is so uncertain that it is impossible to determine whether the defendant's possession extends, or not, over any part of the tract of land claimed by the plaintiff, he cannot recover.

This is a possessory action. The plaintiff alleges, that he is the owner, and has been for some time in the quiet possession of a tract of land in Tunica Bend of the Mississippi, containing twenty arpents front, by the depth of forty, with scertain definite boundaries. He alleges, that the defendants, within a year past, have illegally and forcibly taken possession of it, and cut down wood and destroyed timber, &c., to his great injury and damage. He prays that the defendants be enjoined and prohibited from disturbing and committing waste on said premises, and that he be forever quieted in the possession, and have one thousand dollars in damages for the injury done him.

There was a general denial pleaded. The cause was twice tried. In the last trial, the judge presiding went into a minute examination of the evidence and facts of the case, and was of opinion there was not such a showing on the part of the plaintiff as to entitle him to recover. There was judgment for the defendant, and the plaintiff appealed.

*Stevens* and *Ilsley*, for the plaintiff and appellant.

*Preston* and *Thomas*, for the defendant.

*Simon, J.*, delivered the opinion of the court.

This is a possessory action. The plaintiff alleges, that for more than one year previous to instituting the present action, he was in the peaceable, real and actual possession of a tract of land fronting on the Mississippi river, having twenty

arpents in front by forty in depth, which he purchased at sheriff's sale, and that the defendants, within the last year, have taken illegal and tortious possession thereof. He prays to be restored to his former possession, and for damages. The defence is a general denial. The District Court rendered a first judgment in favor of the defendants, against the plaintiff; and a new trial having been granted on the ground of newly discovered evidence, the second judgment of the District Court, after a full investigation of all the facts of possession which the plaintiff was able to prove, was again in favor of the defendants. From this last judgment, the plaintiff has taken the present appeal.

A careful and attentive perusal of the evidence found in the record, has brought us to the conclusion that the district judge did not err in giving his judgment in favor of the defendants. The plaintiff has certainly failed to establish such possession as, under the 49th article of the Code of Practice, would entitle him to a possessory action. The *locus in quo* is so uncertain, that it is impossible to determine whether the defendant's possession extends, or not, over any part of the tract of land claimed by plaintiff under his sheriff's sale. In his petition, he alleges his possession to be of a tract of twenty arpents in front by forty in depth. The sale, from the sheriff to him, shows that he purchased seventy arpents by forty, which were sold as the property of one Enet. Two witnesses prove that the tract of land, as purchased by Enet from an Indian, contained eighty arpents in front, commencing at bayou Maynard and running up the river; and another witness says that the seventy arpents would not reach defendant's settlement by ten arpents, it being eighty arpents, in a straight line, from bayou Maynard to defendant's settlement. There is no proof of any location of the Enet tract, twenty arpents of which the plaintiff claims to be in possession; and, on the contrary, it is shown that it has never been known, as one of the witnesses says, with any well-defined boundaries.

Plaintiff's counsel has relied particularly on the case of Ellis *vs.* Prevost, 13 *Louisiana Reports*, 230, as being a case

*In a possessory action the plaintiff must show his possession by definite objects, and that he has been disturbed. Where the* locus in quo *is so uncertain that it is impossible to determine whether the defendant's possession extends or not over any part of the tract of land claimed by the plaintiff, he cannot recover.*

in point ; but we have not been able to discover any analogy between the two cases ; and we are not ready to say that any of the legal principles, established by that decision, are applicable to the present case. We are of opinion that the plaintiff has not made out such case as to entitle him to recover.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.