Sijiojt, J.
delivered the opinion of the court.
This is a possessory action which presents the same features as the one decided upon by this court iu the case of Morgan v. Driggs et al., reported in 15 La. Rep. 451. Indeed it is founded on the same facts, presented on the same kind of alleged possession, and is between the same parties, except that the plaintiff thought proper to make other persons parties defendants with those whom he had previously sued in the former action. He alleges himself to be the owner and possessor of a tract of land which he describes, composed of the McLanahan, Enet and Larue claims, the boundaries of which are described in a plat of survey which he intends to produce; that the defendants have repeatedly committed divers illegal and tortious acts, on the said tract of land, to his prejudice, by cutting down and destroying the trees, &c.; from which he has sustained damages to the amount of $2000 ; he prays that said defendants be arrested and held to bail; that a writ of injunction issue commanding them to desist from their said tortious and illegal acts, and to quit and leave the land; that judgment be rendered in his favor for $2000 damages; that defendants be ordered to abandon the land, that the possession thereof be restored to him, said plaintiff; and that he' be put in-possession of the same accordingly. A few days afterwards plaintiff filed a supplemental petion, in which he prayed for a writ of sequestration [181] to issue, for the purpose of sequestering the tract of land in dispute, with all its appurtenances, rents and profits, wood and timber thereon being, &c., &c. ; which order was granted. The three several writs of injunction, arrest and sequestration, were regularly issued and duly executed; the defendant, Driggs, *112 after having been imprisoned for a few days under the writ of arrest, furnished his bail; and the defendant, Ward, after having also been imprisoned for a longer time, was released. The two other defendants not having been found, no citation was servod upon them.
The defendants, Driggs and Ward, severed in their defence ;• pleaded the general issue, and respectively reconvened the plaintiff’s demand by a claim for damages to the amount of $1000, as resulting from the wrongful suing out of the injunction, and to the amount of $5000, from the imprisonment to which they had been subjected under the writ of arrest, alleged to have illegally issued. The jury found a verdict in favor of Driggs for false imprisonment, twelve hundred dollars; for the wrongful suing out of the injunction, five hundred dollars; and in favor of Ward generally for five hundred dollars; and after an unsuccessful attempt to obtain a new trial, the plaintiff appealed.
The first question which we are called upon to notice, arises out of a hill of exceptions taken to the opinion of the court overruling the motion made by plaintiff’s counsel to strike out tho defendants’ pleas in- reconvention, on the ground that they are not so connected with the cause of action set forth in plaintiff’s petition as to be made the grounds of reconventional demands. We think the district judge erred: the claims set up in reconvention by the defendants cannot be said to be necessarily connected with and incidental to the cause of action set forth in plaintiff’s petition; they do not grow out of the transactions which afford the grounds and basis of the action, but are [182] merely the consequences of the proceedings which he resorted to to-enforce his legal rights, and result from the conservatory measures which he thought proper and necessary to take to secure the exercise of his said rights. They are, in their nature, independent and distinct from the possessory action brought by the plaintiff, and are entirely foreign to the cause on which it is based. Code of Practice, arts. 374, 375, 376 and 377; 6 N. S. 671; 7 N. S. 517; 10 La. Rep. 183.
In the case of Abat v. Holmes, 8 Mart. N. S. 145, the defendant was permitted to reconvene the plaintiff in damages for a wrongful imprisonment, because as the action was for a forced surrender in consequence of the imprisonment, there was such a close connection between their demands that they could both be considered as springing from the same cause.
In the case of Keene v. Relf, 11 La. Rep. 309, in which the reconventional plea was for abusive words or slanderous epithets uttered in setting out the cause of action, this court would have felt no hesitation in rejecting said plea, had not the plaintiff joined issue with the defendant, on the matters alleged in the reconvention; but in the mean time the court said: “ that the damages claimed by one party were distinct and unconnected with the damages claimed by the other;” which is exactly the situation of the claims for damages set up in this suit by the parties against each other.
In the case of Kemp v. Amacker, 13 La. Rep. 65, this court decided that an action of slander for damages could not be reconvened for slanderous words alleged to have been uttex’ed by the plaintiff against the defendant, as the reconventional demand was not necessarily connected with and incidental *113 to the principal one. So it is in the present case, and we do not hesitate to say that the reconventional demands set np by defendants against the plaintiff’s action, were improperly maintained, and that they ought to have been stricken out of their answers. The defendants are therefore left to their remedy by a principal action.
We must not, however, be understood as deciding this question, [183] with regard to the damages claimed for the wrongful suing out of the injunction, in derogation of the law of 1831, which allows to a defendant in injunction, the right of claiming in the same suit ten per cent, interest and twenty per cent, damages on the amount of the judgment enjoined, and more if he can prove them: this law provides for a different class of injunctions, and, from its wording, seems to apply particularly to cases in which judgments are enjoined. In this case there would be no criterion upon which interest and damages could be claimed or allowed under the law of 1831, and the defendants’ demand being merely one set up in reconvention, does not come within the provisions of said law.
Having thus disposed of the point arising from the reconventional demands set up by defendants, the case is now reduced to the merits of the possessory action ; and this renders it unnecessary to examine the various questions raised by the parties in relation to the charge of the court to the jury on the proper rule to fix the quantum of damages to be allowed; to the sufficiency of the evidence in support of the same; to the excessiveness complained of; and to the new trial applied for on the ground of newly discovered evidence; but we cannot forbear noticing the course which was pursued by the jury in finding their verdict, and by the lower court in rendering judgment thereon. The plaintiff’s action appears to have been entirely disregarded both by the jury and by the court, and was not in any manner acted upon by either, in the verdict or in the judgment. This is clearly illegal and irregular, as the jury could not render a verdict in favor of the defendants on their reconventional plea, before having disposed "of the principal action for or against the plaintiff, unless they thought proper to give a special verdict, which was not the case here. Oode of Practice, arts. 519, 520, 521, 522, and following. And had we not come, to the conclusion that the defendants’ claims for damages could not be pleaded in this suit as reconventional'. demands, which opinion puts an end to this part of the case, this irregularity in the proceedings would have been sufficient in itself, however well [184]] founded the verdict of the jury might have been on the defendants’ pretensions, to remand the cause for a new trial. The verdict of a jury should always respond to the issues made by the pleadings, and unless special, it should always, in cases of reconvention, pronounce upon the respective rights or actions of both parties.
On the merits, we do not think that justice requires this case should be remanded for a new trial. Although from the prayer for damages contained in plaintiff’s petition, it appears to be in the nature of an action for trespass, it is virtually a possessory action, which, as we have already said, presents ex? actly the same cause of action as reported in 15 La. Reports, 471, and is between the same parties. The former suit was instituted on the 19th of Oo* *114 tober, 1837, and tlie present one was brought on tbe 12tb of March, 1838, and far from the plaintiff’s having shown himself to be in a better condition now, in relation to bis alleged right of possession, and from having proved his said possession to be of the nature required by the article 49 of the Code of Practice, defendants had acquired a still further adverse possession which must necessarily strengthen their defence. • The evidence, which is mostly the same taken from the former case, does not show any thing more definite; the plat of survey found in the record is rather unsatisfactory, the Larue claim is clearly shown to be below the Enet tract; and a witness states explicitly that the defendants are not on the McLanahan claim; it is also to be remarked that the location of the part of the Enet claim under which the locus in quo is pretended to be covered, is left as doubtful as it was on the last trial, and is not shown to extend to the defendants’ -premises, and there is no proof that the plaintiff ever was in possession of the two other claims, which no legal evidence has been adduced to show the extent and limits of, to interfere with the defendants’ possession. 15 La. Reports, 556.
[185] On the whole, we cannot perceive any material difference between the facts of possession proven in this cause, and those shown on the formei occasion; and as the plaintiff, having had repeated opportunities of establishing his demand, appears to have exhausted to no purpose all the legal means which he had of proving the allegations set forth in his two different possessory actions, an end must be brought to this litigation; and there is, in our opinion, no necessity for sending the case back for a new trial.
It is therefore ordered, adjudged and decreed, that the judgment of the district court bo annulled, avoided and reversed; that the reconventional pleas filed by defendants be set aside, reserving to the said defendants the right of instituting a principal action, and that the plaintiff’s petition be dismissed; the costs of the lower court being paid by the plaintiff and appellant, and those in this court to be borne by the defendants and appellees.