## HENRY B. DRIGGS *v.* CHARLES MORGAN.

A reconventional demand interrupts prescription; and the interruption necessarily continues until the termination of the action.

A citation headed as issued from " the District Court of the Fourth Judicial District for the parish of P. C." reciting that the action is pending before the said District Court, witnessed by the judge, and signed by the clerk of that District Court, and requiring the defendant to file his answer " in the office of the clerk of the court of the parish first aforesaid, at the court house," &c. is sufficient. *Per Curiam :* The defendant could not be mistaken as to the court before which he was called on to answer.

Though a writ of arrest may have been illegally obtained, the clerk who issued it, and the sheriff who executed it in obedience to the mandates of a competent tribunal, cannot be viewed as co-trespassers with the plaintiff in the suit, who alone is responsible for the consequences of the proceeding.

Where the affidavit of a party, stating the facts which he intends to establish by a witness, is offered to obtain a continuance on account of the absence of the latter, and his opponent, for the purpose of trying the case, admits that the witness, if present, would swear to the facts stated in the affidavit, and the case is afterwards continued on other grounds, the affidavit and admission cannot be used at any subsequent term.

In an action for damages for a malicious arrest, evidence is admissible to prove the condition of the apartment in the jail in which plaintiff was confined.

Where one sued for damages for a malicious arrest, is not shown to have acted through malice, but to have had reasonable grounds to believe that he would succeed in his action, and no attempt was made to disprove the affidavit upon which the arrest was obtained, the case will be remanded for a new trial, where the damages allowed by the jury appear excessive.

APPEAL from the District Court of Point Coupée, *Nicholls*, J.

SIMON, J. This action was instituted some time after the return of the mandate of this court to the court *a quâ* for execution in the case of *Morgan* v. *Driggs et al.* (17 La. 176,) and has for its object to recover of the defendant the same damages as were the subject of the plaintiff's reconventional demand in that suit.

It is first proper to notice, however, that the present action, originally based upon three distinct alleged causes of action, to wit: 1st, the wrongful suing out of a writ of injunction; 2d, the illegal arrest and imprisonment of the present plaintiff, then the defendant in the said suit; and 3d, the wrongful and illegal suing out of a writ of sequestration, was tried below, and is now limited to the cause of action growing out of the arrest and imprisonment of the plaintiff at the suit of the defendant, for which said plaintiff, having discontinued his demand for damages claimed for the wrongful issuing out of the injunction and sequestration, claims in his petition a sum of five thousand dollars as damages.

The grounds set up by the plaintiff in his petition with regard to the cause of action upon which he relies, consist in the following allegations: that whilst a suit, instituted by the defendant, Morgan, for the possession of a certain tract of land (see 15 La. 453), was pending against the petitioner, said Morgan instituted another action against him, claiming the possession of the same property described in the first suit, but extend-

ing his pretensions to a larger quantity of land; that without the shadow of right, but with the sole view of injuring and harrassing the petitioner, said Morgan claimed from him the sum of $2000 for alleged tortious acts on his part, falsely stating in his petition, that the petitioner was about to remove from the State, without leaving property to satisfy his claim, and praying that an order of arrest might be issued against him, &c.; that, according to said Morgan's demand, the petitioner was illegally arrested on his land, and committed to the parish jail, on or about the 6th of April, 1838, where he was confined until the 11th day of the same month. He further states that he was, at the time of his imprisonment, laboring under a severe chronic disease, and that his sufferings were greatly increased by his unjust confinement, and for a long time afterwards. That these odious proceedings on the part of said Morgan, were prompted *by a feeling of malice and revenge* against the petitioner, and *with a desire to persecute and annoy him*, and not in the expectation of establishing any just claim against him; and that, in consequence of the privation of his liberty, of the loss of time, and of his rights as a free citizen, he has suffered damages to the amount of $5000, for which he prays judgment against the defendant.

The defendant was cited to appear before the court *a quâ*, but, owing to some alleged defect in the citation, the same was excepted to by him, whereupon another citation having been issued, the defendant filed a peremptory exception to the plaintiff's action, founded upon a plea of prescription. The plea was overruled by the inferior court, and the case was fixed for trial, when, on the day fixed, the defendant filed a written motion to dismiss, which was immediately acted upon by said court, and sustained. The plaintiff then moved for a new trial, which was granted; and the cause having remained on the docket during two successive terms, without being acted on, and a judgment by default having been taken, at the third term, against the defendant, the latter filed his answer to the merits, consisting in a general denial of the plaintiff's allegations, and the cause was again continued, after having been fixed regularly for trial.

At the ensuing term the case was tried before a jury, who

Driggs v. Morgan.

returned a verdict in favor of the plaintiff, for the sum of $1500 damages; whereupon, a judgment having been rendered accordingly, the defendant, after an unsuccessful attempt to obtain a new trial, on divers grounds which will be noticed hereafter, took the present appeal.

Various points have been presented to our consideration, as growing out of the proceedings had below, previous to the trial of the cause on its merits; and the first one to which our attention was called, is the plea of prescription, on which the defendant rules, in connection with the alleged defect of the first citation.

This plea, although the exception does not indicate it, is undoubtedly founded on the prescription of one year, by which actions for offences and quasi-offences are barred (C. C. art. 3501), and the defendant's counsel has contended that it should have been sustained below, as more than one year had elapsed, not only from the period of the plaintiff's discharge from the imprisonment complained of, but even from the time when the decision of this court was rendered on his reconventional demand, set up in the case reported in 17 La. 176, until the last citation was served on the defendant.

The record shows that the arrest was made on the 6th of April, 1838; that the plaintiff was discharged, by giving bail, on the 11th of the same month; that his reconventional demand was filed on the 1st of June following; that the opinion of this court, in the last case, was delivered on the 8th of February, 1841; that the same was filed in the lower court, at the May term ensuing; that the first citation issued in this suit, and excepted to as defective, was served on the defendant on the 5th of November, 1841; and that the second citation was served upon him on the 20th of April, 1842.

On the first branch of this question, we are of opinion that the prescription was interrupted by the reconventional demand of the plaintiff, set up in the possessory action brought against him by the defendant; and that such interruption lasted until the litigation was finally disposed of, and decided upon by this court, on the appeal. It is true that no citation was served on the defendant in reconvention, as none was necessary to compel

the then plaintiff to answer the then defendant's reconventional plea. The two parties were in court, litigating their respective rights, and were bound to take notice of the proceedings had, with regard to the exercise of said rights, and of the demands by them made respectively against each other. The defendant's reconventional plea being in the nature of a cross action, exercised by way of exception, was a distinct and separate demand, to which the plaintiff was bound to answer, without pleading to the jurisdiction of the court (Code Practice, art. 377), and was, to all intents and purposes, a suit instituted against the plaintiff in the original action, in consequence of that which said plaintiff had brought against him, (Code of Practice art. 374), and, viewed in this light, it was clearly sufficient to interrupt the prescription. Troplong, Prescription, vol. 2, No. 562, says, " *Une citation pour comparaitre, la logique force d'assimiler une demande reconventionnelle, faite dans le cours d'une instance. Quelle différence y a-t-il en effet entre une demande formée en justice par citation lorsque les parties n'ont pas encore ouvert la lice judiciaire, et une demande formée reconventionellement lorsque les parties sont en présence du juge ?*" He thinks there is no difference, and that it may be considered as " *une demande en justice.*" Sirey, 27th vol., part 1, p. 244. And such interruption necessarily exists during the pendency of the action, and until its final termination. " *Il n'y a pas de péremption, ni dès lois, de prescription possible, tant que la procédure se poursuit. Actiones, incluso judicio, non pereunt.* Dalloz, Dict. de Jurisp. v. 3, p. 672, No. 384.

On the second branch, we think the plea of prescription was properly overruled. It is true that the first citation which was served on the defendant, a few months after the return of our mandate, but within one year from the rendering of our decree, was excepted to as defective, and that, for aught that appears by the record, without the exception having been acted upon by the lower court, the plaintiff thought proper to issue another citation, which was served after the expiration of one year from the date of our judgment; but we are not ready to say that the first citation contained any such defect as should have rendered the exception successful; on the contrary, our impression is, that it was sufficient to bring the defendant into court, and that,

therefore, it had the effect of interrupting the prescription. The defect alleged in the exception, is, that it requires the defendant to file his answer "*in the office of the clerk of the court of the parish first aforesaid, at the court-house at Pointe Coupée.*" But the citation was headed and issued *from the District Court of the Fourth Judicial District, for the parish of Pointe Coupée.* The suit was therein stated to be pending before the said District Court; said citation was signed by the clerk, under the words: " *Witness the Hon. H. F. Deblieux, judge of said court;*" and it appears to us perfectly clear that the defendant was required to file his answer in the office of the clerk of that court, for that parish; that is to say, of the court for the parish previously designated in the heading of the citation. The defendant could not be mistaken as to the court before which he was called on to answer. The citation was accompanied with a copy of the petition addressed to the judge of the Fourth District, and there was clearly no necessity for issuing a second citation. If the exception was really sustained by the judge *a quo*, (which does not appear by the record,) we feel no hesitation in saying that his opinion appears to us erroneous, and that the defendant's exception, if acted on, should have been overruled.

Having thus disposed of the defendant's plea of prescription, the next point which has been brought to our notice, arises out of the defendant's motion to dismiss the suit, on the ground that, as it is alleged that the writ of arrest, and the arrest itself were illegal, the clerk who issued it, and the sheriff who executed it, should have been joined in the suit, as co-trespassers; and that such co-trespassers are only jointly liable. The officers of the court from which the writ issued, were bound to obey its orders: said writ had issued from a court of competent jurisdiction; and it is clear that they cannot be considered as trespassers, when acting in obedience to the mandates of the competent tribunal from which they derive their authority. The writ of arrest upon which this action is based, was issued at the suit of the defendant, who, therefore, assumed all the responsibility resulting therefrom; and if any one is to be liable for its consequences, they must fall upon the party who, it is alleged, has turned the law of his country into an instrument of oppression or vexation.

Such responsibility cannot be inflicted upon the officers of a court, who acted within the sphere of its jurisdiction; and we are of opinion that the defendant's motion was properly over-ruled.

The record contains a bill of exceptions taken to the opinion of the judge *a quo*, rejecting the affidavit of the defendant, as to the purport of the testimony of one Fredericq; and in this we think the said judge did not err. It appears that, at the preceding term, the defendant had offered an affidavit *for a continuance, on account of the absence of the witness Fredericq,* stating in the said affidavit, the facts which he intended to prove by said witness. The plaintiff, wishing to try his cause, immediately admitted that, *if the witness was present, he would swear to the facts stated in the affidavit,* and the cause was fixed for trial, accordingly; but the case was subsequently continued, and the affidavit was offered at the subsequent term, on the trial of the suit, as evidence *of the facts which Fredericq, again absent,* would prove, if present. This was clearly illegal; and we concur with the judge *a quo,* in the opinion that the facts stated in the affidavit could not be received as evidence, except for the purpose for which said affidavit was intended at the time it was offered, and could not be used at any other term but that at which it was to operate to obtain a continuance of the cause. It was then that the party insisting on the trial, was bound to admit that the witness, if present, would swear as stated; but surely this did not dispense the party offering the affidavit, after the case had been continued, from procuring the testimony of the absent witness, or from issuing the necessary citation for procuring his attendance on the trial of the case, at a subsequent term of the court.

The record contains also another bill of exceptions, taken by the defendant to the testimony of witnesses introduced to prove the kind of treatment received by the plaintiff, while in the custody of the sheriff under the writ of arrest; but as the judge *a quo* declares in the bill that he only permitted the plaintiff to prove the situation and condition of the room in which he was placed in the parish jail, and as the testimony objected to does not go any farther, we think it was properly admitted. The

defendant was, perhaps, not responsible for the acts of the sheriff or jailor, whilst they had the plaintiff in their custody; but it may be presumed that he knew the situation and condition of the jail, in which the defendant was to be confined at his request.

We now come to the merits of the case, and, in co 1 dering the application made by the defendant for a new trial, we only deem it necessary to enquire into the first ground by him set up, to wit, that the verdict of the jury is contrary to law and evidence, in this, that they have allowed *vindictive damages*, when it was proved that Morgan had strong reasonable grounds for believing that he would have succeeded in the suit instituted by him against Driggs; when no malice was shown; and when no attempt was made to contradict the statement made in the affidavit on which the order of arrest was obtained.

In the case of *Ryder* v. *Adams et al.*, 5 La. 319, this court remarked, that "actions of this kind should be cautiously entertained, and that the proof should leave the mind free from doubt, that the resort to a legal remedy, to enforce a just claim, was to oppress the defendant." It recognised, however, that "the remedies given by law to creditors to enforce their claims ought not to be wantonly and oppressively exercised, and that from want of probable cause, malice might be presumed." In the case of *Escurix* v. *Daboval*, 13 La. 89, we held, in substance, that where no malice is shown, and the party might have been easily mistaken in taking out his writ, if considerable damages are given, a new trial ought to be granted. Now, under these principles, to which we think it safe and proper to adhere, the enquiry necessarily is, was the appellant entitled to a new trial? The evidence shows no malice on the part of Morgan. He had instituted a suit against Driggs and others, for the possession of a tract of land to which he might fairly have considered himself legally entitled. The defendants, whom he considered as tresspassers, were in possession of the land, and the testimony shows that, with ten or fifteen persons employed in cutting wood, he had already destroyed a large portion of the wood growing thereon. The plaintiff, at the time of the arrest, had six hundred cords of wood cut, which he was selling at $5, and $3 per cord

for ash wood; probably one half of the wood cut was ash; and he had intended to haul the whole to the river, and had carts running for that purpose; his business was cutting and selling wood; and it does not appear to us in any manner extraordinary, that Morgan, whose claim or action was defeated, only because the *locus in quo* was so uncertain that it was impossible to determine whether the defendant's possession extended or not over any part of the tract of land by him claimed, but who had, according to the evidence then adduced, reasonable grounds for believing that he would have succeeded (see 15 La. 451, and 17 *Ib.* 176), should have resorted to such legal remedies as would have secured, not only the property which he was seeking to recover, but also the amount of the damages which he considered himself entitled to, for the waste committed by the defendant on the land. Furthermore, the defendant in those suits was only imprisoned for five days, after which he gave bail; and nothing in the record shows that Morgan was actuated by any malicious motives in suing out the writ of arrest. No attempt has been made to disprove the affidavit upon which it was obtained; and, as we said in the case of *Williams* v. *The Bank of Louisiana*, were the plaintiff to be mulcted in heavy and vindictive damages for having exercised a right to which he thought himself entitled under the allegations in his petition, when no malice, or any other bad motive is brought home to him, "there would be danger in asserting and endeavoring to sustain a misconceived legal right, as this would often be followed by the most unjust and injurious consequences." We are of opinion that, under the circumstances established by the evidence, and in the absence of any proof of malice, or of any fact from which it could be inferred, the damages allowed by the jury were excessive, and that the judge *a quo* should have granted the new trial applied for by the appellant.

It is, therefore, ordered, that the judgment of the District Court be annulled, and that this case be remanded for a new trial, to be proceeded in according to law, and under the principles established in this opinion; the plaintiff and appellee paying the costs of this appeal.

*S. L. Johnson*, for the plaintiff.

*Cooley*, for the appellant.