## No. 7132.

### CHRISTOPHER SATTERLEY vs. CHARLES MORGAN.

A long line of authorities have established a distinction between the technical sufficiency of a citation, as a basis for the maintenance of proceedings and judgment, and its sufficiency for the purpose of interrupting prescription.

Citation for the purpose of interrupting prescription needs not be technically perfect either in form or service.

APPEAL from the Fifth District Court for the parish of Orleans. Rogers, J.

*W. S. Benedict* and *Jos. P. Hornor* for Plaintiff and Appellant:

First—Articles 190 and 196 C. P. do not order that the name of the agent of an absent defendant should appear in the petition.

Second—Proof on the trial, that the person served as agent was duly authorized, and his principal was absent, being the principal before the court, 3 An. 453; 3 An. 9; 7 An. 268; 17 La. 498; 17 La. 587, is sufficient.

*Leovy & Kruttschnitt* for Defendant and Appellee:

First—The petition must mention the name and place of residence of the defendant, or the place where he lives. C. P. Art. 172. If defendant is absent and has no attorney in fact, the name of the agent must appear in the petition. C. P. 196.

Second—If the defendant be absent, and has an attorney in fact, whose name appears in the petition, the sheriff shall serve the citation on the attorney in fact, in person, or at his domicil; but if his name does not appear in the petition, such service will be bad. C. P. 196; Pilie vs. Kenner, 16 La. 570; 1st M'y vs. The Rector, etc., 3 An. 453; Perroux vs. Leblanc, 21 An. 27.

Third—If the defendant be described in the citation as being of New Orleans, when in fact he is a resident of New York, and at the time is in New York, the citation is bad; citation must name " the place of his residence, or that where he happens to be." C. P. 179. The law, as to citations must be rigidly enforced. 13 An. 405; 19 An. 360; 24 An. 625.

Fourth—Citation addressed to a party in New Orleans must be served on the defendant, in person, or at his domicil; if served on any other party than the defendant himself, the return must state the absence of the defendant. C. P. 189; 19 La. 37; 4 An. 363; 7 An. 268; 21 An. 630.

Fifth—Defendant cannot be brought into court by amending a defective citation. A new citation must issue. 19 An. 360; 13 An. 405; 28 An. 625. "Nothing will cure the defect of citation or want of service, except appearing." Hennen's Dig. p. 245, No. 4; Louque's Dig. p. 113, No. 4; 5 N. S. 429; 7 N. S. 161; 1 R. 130; 13 An. 374; 21 An. 27.

Sixth—"Knowledge of suit on part of defendant, no matter how clearly brought home to him, will not supply want of citation." Hennen's Digest, p. 245, No. 6. And a defective citation is no citation at all. 13 An. 405; 19 An. 360; 28 An. 625.

The opinion of the Court was delivered by

FENNER, J. Plaintiff sues defendant for damages for an alleged *quasi* offense, committed on September 26th, 1876. His petition was filed on September 25th, 1877, and it was alleged therein that defendant was a resident of New Orleans. On the same day a citation was issued, addressed to " Charles Morgan, New Orleans," and the return of the sheriff shows that it was served " on Charles Morgan, through A. C. Hutchinson, his agent, in person."

Defendant, appearing for that sole purpose, excepted to this citation as illegal and insufficient. On trial, this exception was sustained, and it was held that the defendant had not been legally cited, but the right was reserved to plaintiff to perfect citation. Other proceedings were had, resulting in an amendment of the petition so as to allege that defendant was a resident of New York and represented in this city by an agent, A. C. Hutchinson, and in the issuance of a new citation addressed to "Charles Morgan, through A. C. Hutchinson, agent," which was ultimately served and returned in strict accordance with law. Defendant then appeared and pleaded the peremptory exception of the prescription of one year, which was sustained by the court and plaintiff's suit dismissed, from which judgment the present appeal is taken. It was admitted on the trial that, in point of fact, Charles Morgan was " a person absent," and that A. C. Hutchinson was his agent, authorized to receive citation for him, on the 25th of September, 1877, the date of service of the original citation.

As the term of prescription expired on the following day, the sole question presented, is 'the sufficiency of *that* citation and the service thereof, *for the purpose of interrupting the prescription.*

Defendant's objections to the citation and return are threefold, viz:

1st. That the citation was defective because addressed to " Charles Morgan, New Orleans," instead of to " Charles Morgan, New York," the latter being both " the place of his residence," and " that where he happened to be." C. P. Art. 179.

2d. That the citation being addressed to Charles Morgan personally, the sheriff could, in no case, serve otherwise than personally, without

stating in his return the absence of Mr. Morgan, and the return containing no such statement is fatally defective.

3rd. That there is no authority, in any case, for citing a defendant through an attorney in fact, except when the name of the attorney in fact "appears in the petition."

We do not question the correctness of the action of the judge *a quo* in maintaining the exception to the citation and return, pleaded *in limine* by the defendant. But there exists a line of authorities, which seem to have escaped the attention of counsel on both sides as well as of the judge, and which seem to us conclusive of the question now under consideration. These authorities maintain a distinction between the technical sufficiency of a citation, as a basis for the maintenance of proceedings and judgment, and its sufficiency for the purpose of interrupting prescription. Thus it was held that service of citation, though not certified by the clerk, would interrupt prescription. White vs. McQuinlan, 12 La. 530.

So, that the mere deposit of the petition in the clerk's office before the end of the prescriptive term, will interrupt, though, owing to absence of clerk and deputy, plaintiff was not able even to obtain issuance of citation in time. Smith vs. Taylor, 10 Rob. 133.

So, that filing of a reconventional demand will interrupt, though without citation or service. Driggs vs. Morgan, 10 Rob. 119.

So, that service of petition and citation in English only, on one whose native language is French, and who was then entitled under the law to French citation and petition, would interrupt. Leon vs. Bouillet, 21 An. 651.

So, that a citation addressed to a person sued as administrator, and naming him only individually without specifying his capacity, would interrupt. Elmore vs. Ventress, 24 An. 382.

So, citation issued by a *de facto* clerk, not lawfully in office. Canal Bank vs. Turner, 26 An. 274.

So, citation not containing the number of days for answer. Martinez vs. Vives, 30 An. 818.

It will not be questioned that, in several of these cases, exceptions to the citations would necessarily have been maintained. This Court has always given a liberal construction to that clause of Art. 3518 Rev. C. C. which declares that " a legal interruption takes place when the possessor has been cited to appear before a court of justice."

Citation, *eo nomine*, has not been insisted on, nor citation before a court of competent jurisdiction, nor citation technically perfect in form and service. The broad doctrine was laid down by the Court in Flower vs. O'Connor, 17 La. 219, that "in order to determine the effect and extent of a legal interruption, we must inquire more particularly into the *object*

and cause of the action, than into the right of the plaintiff, the manner in which it is prosecuted and the competency of the court in which it is instituted, and endeavor to ascertain how far the knowledge of the titles on which the action is founded has been brought home to the defendant by the judicial demand; and we do not hesitate to conclude that, if it be established, that the defendant has been judicially notified of the titles which are the foundation of the demand, so as to acquire a sufficient knowledge of the rights which are sought to be enforced against him by a suit, there results from said suit a legal interruption in favor of those to whom such rights may belong."

See, also, Barrow vs. Shields, 13 An. 58.

In this case, it is conclusively established by the admissions in the record, that, within the prescriptive term, a petition setting forth fully the cause of action and a citation addressed to defendant, were actually served, in his absence, upon his attorney in fact, duly authorized by him to receive service thereof and to defend the suit. This was a judicial notification of the claim, conveying to him full knowledge thereof, and, notwithstanding technical defects in the form of citation, and in the return, we are of opinion it operated a legal interruption.

Nor are we prepared to say that, if the return of the sheriff had been corrected, as it might have been, so as to conform to the facts, and if it had been proved on the trial that the defendant was actually "a person absent," and that the person on whom citation was served was really his agent for that purpose, a judgment rendered against the defendant, in absence of exception or appearance, would not have been valid. We are inclined to regard the terms of C. P. Art. 196, which says that "if the person absent has an attorney in fact, whose name appears in the petition, the sheriff shall serve the same on that attorney in fact"—not as a mandatory requirement that the name of the attorney *must* appear in the petition, in order that service may, in any case, be made on such attorney, but rather as regulating the duty of the sheriff, in connection with his responsibility, as defined in the subsequent Art. 205. If the name of the attorney does not appear in the petition and citation, the sheriff is not thereby informed of the existence of such agent, and incurs no responsibility for failure to serve on him. But, if he be otherwise informed of such agency and of the absence of defendant, and actually serve on the agent, we see no reason why it should not be sufficient, if the necessary facts of agency and absence be proved. It required no express provision of law to establish that an absentee may, if he choose, appoint an agent to receive service of citation for him, and that, in such case, the service on the agent would be the entire equivalent of service on the principal, provided the absence and agency were duly proved. A contrary doctrine has never been expressly held in any decision. In the

54

cases of Pilié vs. Kenner, 16 La. 570, and 3 An. 453, and 21 An. 27, it did not appear that proof was made of absence and agency. In the two last cases, and in others, language was used justifying the inference that such proof would have sustained the citation. 3 An. 9; 7 An. 268; 17 La. 498, *id.* 587; 7 Rob. 451.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed; and it is now ordered that the plea of prescription of one year by defendant be overruled, and that this cause be remanded to the lower court for further proceedings according to law, defendant to pay costs of his exception in the lower court, and those of this appeal.