## No. 9135.

### ALPHONSE B. COCO VS. BARTHÉLEMY GUYRAL.

In a suit between residents of the same parish, in which plaintiff proceeded by attachment of his debtor's property, the defendant is not entitled to institute a demand in reconvention for damages growing out of the attachment.

Such a demand is not only different from the main action, but is not necessarily connected with and incidental to the same. In such cases the reconventional demand will be dismissed as in case of non-suit.

APPEAL from the Twelfth District Court, Parish of Avoyelles. Barbin, J.

---

*Cullom & Coco* for Plaintiff and Appellee.

*E. J. Joffrion* and *Thorpe, Peterman & Thorpe* for Defendant and Appellant.

---

The opinion of the Court was delivered by

POCHÉ, J. Plaintiff brought this suit on a note of $400 and attached the debtor's property on the ground that he was about to dispose of the same in fraud of his creditors.

The defence was mainly levelled at the attachment proceedings and ended with a demand in reconvention for damages in the sum of $5000.

The case was tried by a jury, who found a verdict in favor of plaintiff for the amount of his claim, but dissolved his attachment and allowed damages on defendant's reconventional demand in the sum of fifty dollars.

Defendant has appealed with a view to an increase of damages, and plaintiff prays for an amendment for the reinstatement of his attachment and for the rejection of all damages.

In the district court plaintiff excepted to the reconventional demand, and on being overruled therein, he reserved all his rights under his exception. We must first premise that, as the amount of plaintiff's claim is not within our jurisdiction, we have no authority to review

the finding of the jury in dissolving his attachment; our jurisdiction is therefore restricted to the reconventional demand. Lamorere vs. Avery, 32 A. 1008, and authorities therein cited.

Plaintiff's exception to the reconventional demand is the pivotal question in the case, and, in our opinion, it should have been sustained.

The demand for damages is predicated on the injury alleged to have been done to the defendant by means of the illegal attachment of his property. It is not only different from the main action, but it is not necessarily connected with and incidental to the same. C. P. art. 375.

The record shows that the parties are both residents of the same parish, hence the defendant was not entitled in law to institute his reconventional demand for damages alleged to have been suffered by him through the writ of attachment. To allow such a reconventional demand, under the circumstances of this case, would obliterate the distinction made by our code of practice between suits pending between residents of the same parish and suits brought by residents of a parish against non-residents and residents of different parishes, and would open the door to reconventional demands by all defendants who would feel damaged in their credit or reputation by any suit for debt or other cause of action, with or without a conservatory writ.

These views have been uniformly enforced in our jurisprudence, and the rule can now be considered as firmly settled in that sense. Morgan vs. Driggs et al., 17 La. 176; Knox vs. Thompson, 12 A. 114; Nuzum vs. Gore, 24 A. 208; Teal vs. Lyons, 30 A. 1140.

It is therefore ordered, adjudged and decreed that the judgment rendered on defendant's reconventional demand be annulled and set aside, that plaintiff's exception to said demand be maintained, and that defendant's demand for damages be dismissed as in case of non-suit, at his costs on this appeal and his costs incurred below on said demand.