HAWTHORNE, Justice.
This case is before us for review of a judgment of the Court of Appeal, First Circuit, in which that court reversed a judgment of the district court sustaining a plea •of one-year prescription in bar of plaintiff’s suit and remanded the case to the district ■court for further proceedings.
On June 26, 1945, William Cecil Bower-man, plaintiff-respondent, instituted suit in the district court of St. Landry Parish to recover workmen’s compensation for an injury received on June 29, 1944, in the course of his employment by the Grey-Wolf Drilling Company, which was not made a defendant in the suit. Plaintiff alleged that the Pacific Mutual Insurance Company, a foreign corporation authorized to do business in this state, had issued to his employer a workmen’s compensation insurance policy which was in full force and effect on the date of his injury, and this named insurance company was made sole defendant in the suit.
Citation and petition were served on the Secretary of State on June 27, 1945. There was no insurance company doing business in the State of Louisiana under the name of Pacific Mutual Insurance Company, the named defendant in this suit, but in due course the Secretary of State sent by registered mail the citation and copy of petition to the Pacific Mutual Life Insurance Company in Los Angeles, California. This company on July 2, 1945, advised the Secretary of State that it wrote no workmen’s compensation coverage and that this service was evidently made in error.
On July 12, 1945, more than a year after plaintiff’s injury, he filed in the district court a supplemental and amended petition in which the Pacific Employers Insurance Company was named as the defendant in the suit, alleging that the name of the com *503 pensation insurer was erroneously stated in the original petition. The citation and petition were served on the Pacific Employers Insurance Company through the Secretary of State on July 13, 1945.
In due course the Pacific Employers Insurance Company, thus made a defendant by the supplemental and amended petition, filed a plea of prescription of one year, under Section 31 of the Louisiana Employers’ Liability Act, Act No. 20 of 1914, as amended, in bar of plaintiff’s action. This plea was sustained by the district court, and the plaintiff’s suit was dismissed. On appeal, the Court of Appeal, First Circuit, reversed the judgment and remanded the case to the district court. Upon defendant’s application, a writ of certiorari was granted by this court, and the matter is now before us under our supervisory jurisdiction.
The sole question involved is whether the filing of plaintiff’s suit within the prescriptive period of one year against a defendant named as the Pacific Mutual Insurance Company interrupted that prescription as to the true insurer, the Pacific Employers Insurance Company, which was not cited or served and received no notice and had no actual knowledge of the filing of the suit until more than one year had elapsed after the accident.
Under the provisions of Section 31 of Act No. 20 of 1914, as amended, Act No. 29 of 1934, § 1, the Workmen’s Compensation Act, “In case of personal injury * * * all claims for payment shall be forever barred unless within one year after the accident * * * the parties shall have agreed upon the payments to be made * * * or unless within one year after' the accident proceedings have been begun as provided in Sections 17 and 18 of this. Act”.
Section 1 of Act No. 39 of 1932 provides : “ * * * That the filing of a suit in a court of competent jurisdiction shall interrupt all prescriptions affecting the cause of action therein sued upon, against all defendants, including minors and interdicts.”
The true defendant, Pacific Employers Insurance Company, having been made a party to this suit more than one year after the accident, the plaintiff’s claim for compensation payments is forever barred unless, the filing of the original petition against the wrong defendant, Pacific Mutual Insurance Company, within one year of the accident interrupted the current of prescription.
We are of the opinion that the filing of the original petition in the instant case did not interrupt prescription under the provisions of Act No. 39 of 1932 for the reason, that the true insurer was not named as defendant therein; or, stated somewhat differently, suit was not filed against the true, insurer within one year of the accident.
In the instant case, we are sure that plaintiff through error named 'in the original petition a defendant which was not doing business in this state or shown to be-in actual existence. This mistake could *504 have been easily avoided because under a provision of Act No. 371 of 1940 the casualty and surety rating commission is required to furnish to any claimant or his attorney, upon request at any reasonable time, the name of the employer’s insurer in compensation matters. Had plaintiff-respondent availed himself of the provisions of this act, he would, of course, have named as the defendant in his original petition his employer’s compensation insurer, and his suit would have been timely filed.
Respondent, in support of his contention that the filing of the original petition had the effect of interrupting the current of prescription, although filed against an incorrect and possibly non-existent defendant, cites and relies upon the Cases of Satterley v. Morgan, 33 La.Ann. 846; Jackson v. American Employers’ Ins. Co., 202 La. 23, 11 So.2d 225; Lunkin v. Triangle Farms, Inc., 208 La. 538, 23 So.2d 209; and Broussard v. Missouri Pac. R. Co., D.C.W.D.La.1942, 47 F.Supp. 750. We do not think that any of these cases support his contention.
The district judge in his reasons for judgment discussed and distinguished the Broussard case from the instant case, saying : “This case is clearly not applicable to the case at bar. The Plaintiff in the Brousard case sued the right defendant, whereas, the Plaintiff in the case at bar instituted a suit against a defendant which did not even exist in fact. There was a mere technicality of law involved in the Broussard case. Service of process was made originally on the corporation instead of on the trustee of the corporation in the process of reorganization. The proper party was sued and also there was evidence of said party having notice of the suit. The Court felt that the proper party had knowledge of the suit when it was initially filed and for that reason held that the amendment and service related back to the original service. * * * ”
We might add further that in the case presently before us, insofar as the record shows, a non-existent defendant was named in the original petition, and the right defendant did not have actual notice that this suit was filed within the prescriptive period of one year.
In the Jackson and Lunkin cases (both compensation cases), we did hold that the filing of a suit within the prescriptive period, although not against the proper defendant — that is, the employer or the employer’s insurer — , had the effect of interrupting prescription, and that plaintiff could urge his cause of action in a subsequent suit filed after the prescriptive period against the true insurer or employer. However, under the peculiar circumstances and facts in these cases, this court made it perfectly clear that the correct employer or true insurer had notice or actual knowledge that the claimant or plaintiff was asserting his claim by filing suit within the prescriptive period — a fact which is not presented by the case at bar.
*505 Satterley v. Morgan, 33 La.Ann. 846, decided prior to the adoption of Act No. 39 of 1932, is authority simply for the proposition that citation for the purpose of interrupting prescription need not be technically perfect either in form or in service.
In the instant case, since the prescriptive period had expired without the filing of a suit against the true insurer, and since there was no proof that the insurer had notice or actual knowledge that plaintiff was asserting his claim by instituting suit within the prescriptive period, the plea of prescription is valid.
For the reasons assigned, the judgment of the Court of Appeal, First Circuit, is annulled and set aside, and the judgment of the district court sustaining the plea of prescription and dismissing plaintiff’s suit is reinstated and affirmed; all costs to be paid by plaintiff-respondent.