### LACOSTE vs. BORDERE & AL.

A debt offered as compensation, must be as liquidated as the plaintiff's Reconvention must be, on matter necessarily connected with his claim.

APPEAL from the court of the parish and city of New-Orleans.

MARTIN, J. delivered the opinion of the court. The defendants and appellants, sued for the price of goods and merchandises purchased from the plaintiff, complain that the

parish court erred in disallowing their plea of compensation and reconvention.

They alleged that they heretofore were in partnership with the plaintiff, and that when the partnership was dissolved, they improvidently paid him a much larger sum than was due to him; that many of the debtors of the former partnership are insolvent, and the amount of good debts is much less than it appeared to be; so the plaintiff is bound to bear his proportion of the deficit.

We think the parish Judge did not err.

Compensation could not take place, because the claim of the defendants was not equally liquidated as that of the plaintiff. *Civ. Code*, 2205. 7 *Toullier* 444. The plea required the re-examination of the settlement of all the affairs of a partnership.

Reconvention could not be allowed because the claim of the defendants was not necessarily connected and incidental to that of the plaintiff. *Code of Practice*, 375.

It is therefore ordered, adjudged and decreed that the judgment of the parish court be affirmed with costs.

*Canon* for plaintiff—*Grymes* for defendants.