EASTERN DIST.
December, 1835.

HOFFMAN
vs.
THE PONTCHAR-
TRAIN RAIL ROAD
COMPANY.

HOFFMAN vs. PONTCHARTRAIN RAIL ROAD COMPANY.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF
NEW-ORLEANS.

Where a balance is shown to be due by a company to A, who assigns it to B, and the latter sues for its recovery, the company cannot produce in evidence, another contract between them and A, the assignor, to show his failure to perform it, and that he owes them damages on it.

The defendant cannot set up a claim against the adverse party for unliquidated damages on a contract, in compensation of a liquidated demand.

The plaintiff sues as assignee of John Grant, to recover the sum of five hundred and two dollars from the Rail Road Company, which sum stood as a balance due Grant on the company's books, and was by him transferred to the plaintiff.

The defendants pleaded a general denial, and aver that nothing was due from them to Grant, the assignor, and that he had failed to perform any of his contracts or engagements with them, by which they had sustained damage to more than one thousand dollars.

The parish judge decided that the claim of the plaintiff resulted from an assignment made to him by John Grant, of a liquidated balance of five hundred and two dollars against

the defendants, which balance was due him for the completion of several independent and distinct contracts, and which was stated to be due him on the books of the company.

2. That the assignment from Grant to the plaintiff, was regularly and legally made.

3. That the defendants have not pleaded compensation; and even if they had, the nature of their claim forbids its being unliquidated.

On the trial, the defendants offered in evidence a written contract of Grant, the assignor of the plaintiff, with the company to build a breakwater, in order to show that Grant had failed to comply, and that this suit was premature, by which the company had sustained damages to the amount of more than one thousand dollars; this testimony was objected to by the plaintiff, and excluded by the court; and the defendants took their bill of exception.

Judgment was rendered for the amount of the plaintiff's claim, and the defendants appealed.

*Hoffman,* in *propriâ personâ.*

*Peirce,* for the appellants.

*Bullard, J.,* delivered the opinion of the court.

The plaintiff in this case, sues as assignee of John Grant, to recover of the defendants a balance of five hundred and two dollars and seventy-eight cents, alleged to be due him for services as superintendent for driving piles, making and finishing wharf, and for laying turn outs, under sundry contracts with the company.

The defendants in their answer, deny that they are indebted to John Grant, and aver that if their Secretary reported a balance in his favor, he had no authority from them to do so. They further allege, that John Grant never completed any of his contracts with them, and has thereby caused them damage to the amount of one thousand dollars.

The books of the company exhibited on trial, show a balance due to Grant, and notice to the company of the transfer, was proved.

EASTERN DIST.
*December,* 1835.

HOFFMAN
*vs.*
THE PONTCHAR-
TRAIN RAILROAD
COMPANY.

EASTERN DIST.
December, 1835.

RATTI AND PIPON
vs.
THEIR CRED'S.

Where a balance is shown to be due by a company to A, who assigns it to B, and the latter sues for its recovery; the company cannot produce in evidence another contract between them and A, the assignor, to show his failure to perform it, and that he owes them damages on it.

The defendant cannot set up a claim against the adverse party for unliquidated damages on a contract, in compensation of a liquidated demand.

On the trial of the case, the defendants offered to read in evidence a contract between Grant and the company, for the construction of a breakwater, and witnesses to prove that the contract had not been completed, and that damages had been sustained, to the amount of one thousand dollars. The evidence was rejected, and a bill of exception taken. We think the Court did not err in rejecting the evidence. The contract was distinct from those upon which the plaintiff's assignor claimed a balance, and the defendants, even as against Grant, could not set up a claim for unliquidated damages, in compensation of a liquidated demand. No time was limited by the contract for the completion of the break-water, and no averment was made, much less evidence offered to show that Grant was legally in delay in relation to the fulfilment of his contract. Without such previous evidence, no damages could be recovered in a direct action against Grant.

The appellee asks this court to award him ten per cent. damages for a frivolous appeal. But we think this is not one of the cases in which we should feel authorised to inflict so severe a penalty on the appellant.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be affirmed, with costs.