IN

# THE SUPREME COURT

OF

# THE STATE OF LOUISIANA.

---

**WESTERN DISTRICT.**
OPELOUSAS, SEPTEMBER, 1836.*

---

WILCOXON *vs.* BUFORD'S HEIRS.

APPEAL FROM THE COURT OF THE FIFTH JUDICIAL DISTRICT, THE
JUDGE THEREOF PRESIDING.

Where the debt claimed by the plaintiff, and the damages sought for in the
answer of the defendant, arise from one and the same transaction, the
latter claim is a fair and legal demand, which may be pleaded in
reconvention.

So where demands are different, but have the same origin, and are
intimately connected, being the consequence of the same transaction, the
defendant may reconvene the plaintiff for damages in his answer in the
same suit.

This is an action instituted against the widow and heirs of
the late Warren Buford, to recover from them the sum of
one hundred and sixty-five dollars and sixty-four cents, with
legal interest due thereon, which, the plaintiff alleges, he
paid as the surety of said Buford, in his life time, on a twelve
months' bond.

* Judge Matthews was absent during the Opelousas term, on account of
sickness.

WESTERN DIST.    The defendants' counsel pleaded an exception to the
September, 1836.  action.

WILCOXON          1. That there was no cause of action set out in the
vs.              petition.
BUFORD'S HEIRS.
                  2. That the District Court was without jurisdiction.

3. The suit should have been instituted in the Court of Probates, it being a debt of the succession.

On the merits, the defendants pleaded a general denial. They further aver, that the plaintiff is indebted to them in this: that when said twelve months' bond became due, execution issued thereon, and a negro slave of their ancestor was seized and sold, but which, owing to the fraudulent and illegal conduct of the plaintiff at the sale, in preventing bids through misrepresentation, was purchased in by him for one hundred dollars; a sum much below the real value of said slave, and insufficient to pay the balance on said bond.

The defendants further aver, that the said slave was worth six hundred dollars, and that they are damaged one thousand dollars for his value and hire, which sum they plead in reconvention: also, the price of a quantity of sugar, which they aver the said plaintiff received and sold since the death of their ancestor, belonging to them, and has failed to account for the proceeds. They further plead the prescription of three and five years, and pray that the plaintiff's demand be rejected, and for general relief.

On these pleadings and issues the parties went to trial.

The defendants were proceeding to establish the averment in their reconventional demand, and offered witnesses to show, that at the sale of the said slave they were present, and would have bid six hundred dollars, but were prevented by the plaintiff, who stated, that the defendants were poor and destitute, and that it was desirable to bid off the slave for them as cheap as possible.

The counsel for the plaintiff objected to the introduction of the testimony, on the ground that the matters' set up were cause for a separate action, but not a legal demand in reconvention; which objection being sustained by the court, the defendants took their bill of exceptions.

The cause was submitted to a jury, and the plaintiff had a verdict and judgment thereon, from which the defendants appealed.

*Lewis,* for the plaintiff.

*Splane,* for the defendants.

1. The testimony offered in support of the reconventional demand was improperly excluded; and the judgment of the court below must therefore be reversed.

2. The demand in reconvention, in this case, was proper and legal, and should have been sustained. *Code of Practice,* 377.

*Martin, J.,* delivered the opinion of the court.

The plaintiff claims a sum of money which he was compelled to pay, as the surety of the defendants' ancestor, in a twelve months' bond.

The defendants pleaded that a slave of their ancestor was sold under an execution to satisfy the claim of the creditor in the twelve months' bond, and the plaintiff by fraud and misrepresentation prevented several individuals and others who were desirous of purchasing the slave which had been seized, from bidding his value for the benefit of the family, whereby said slave was adjudicated to him for a very small sum, leaving a balance still due to the creditor in the bond, which the plaintiff afterwards paid, and which is now the object of the present suit to recover: While on the other hand it is urged, if the persons who attended the sale had not been prevented from bidding by the fraud and misrepresentation of the plaintiff, the slave would have brought a sum greater than that due to the creditor, leaving a considerable balance for the defendants; wherefore they claimed damages in reconvention.

The district judge refused them leave to introduce witnesses to establish these damages; being of opinion they could not be demanded in reconvention, but must be sought for in a separate action: Whereupon a bill of exceptions was

24

WESTERN DIST. taken, and the defendants are now appellants from the
September, 1836. judgment afterwards rendered against them.

Where the debt claimed by the plaintiff, and the damages sought for in the answer of the defendant arise from one and the same transaction, the latter claim is a fair and legal demand, which may be pleaded in reconvention.

So, where demands are different, but have the same origin, and are intimately connected, being the consequence of the same transaction, the defendant may reconvene the plaintiff for damages in his answer in the same suit.

The debt which the plaintiff claims, and the damages sought by the defendants, arose from one and the same transaction.

The sale of the slave as shown by the plaintiff, left a balance due which he was obliged to pay; and it is contended by the defendants that it would have rendered this payment by the plaintiff unnecessary, and entitled them to the excess of the price, had not the plaintiff by his fraud and misrepresentation discouraged bidders at the sale. The demands are different but have the same origin and are intimately connected; being the consequence of the same transaction. The district judge, in our opinion, erred in declining to receive evidence of the reconventional demand.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed; the verdict set aside and the cause remanded for a new trial, with directions to the district judge to permit the defendants to introduce evidence in support of their claim in reconvention; the plaintiff paying the costs of this appeal.