## ANTOINE JONAU v. LOUIS FERRAND.

A balance due on an unliquidated account, cannot be pleaded in compensation in an action on a due bill or *bon;* nor in reconvention, when unconnected with the plaintiff's claim.

Pleas in reconvention must be set forth with the same certainty as to amounts, dates, &c., as if the party opposing them were plaintiff in a direct action.

Instead of striking out any portion of the pleadings, a more regular course is to permit the parties to go to trial, and to reject, on the objection of the opposite party, any evidence offered to sustain such portion.

Evidence, when required to be reduced to writing, must be taken down by the clerk, and should, in all cases, be read to the witness before he leaves the stand. The judge has no right, under any circumstances, to add to, or take from it, without recalling the witness.

A broker, examined as a witness to prove the market value of certain stocks, will not be compelled to disclose the names of persons to whom he has sold shares of the same stock, where there is no intimation of any intention to examine such purchasers for the purpose of contradicting him, their names being, under such circumstances, immaterial.

APPEAL from the City Court of New Orleans, *Cooley,* J.

This case was submitted, without argument, by *L. Janin,* for the plaintiff, and *Schmidt,* for the appellant.

GARLAND, J. The defendant resisted a claim made upon his due bill or *bon*, for money acknowledged to have been received, by a plea in compensation and a demand in reconvention, on an allegation of long standing and unsettled accounts. These pleas were, on the motion of the plaintiff's counsel, stricken out, on which the defendant pleaded payment. There was a judgment against him, and he has appealed.

In this court the defendant's counsel complains that his original pleas were erroneously stricken out. In two cases, between the same parties, which were determined in May last, the same points were raised; and we were of opinion that the pleas of the defendant could not be sustained, because the sums pleaded in compensation were entirely unliquidated. Neither could the demand in reconvention be sustained, because the defendant's allegations were too general, and did not show that the matters upon which his claims were based, had any connection with the demand of the plaintiff. We then referred to the case of *White* v. *Moreno*, 17 La. 372, in which we held, that "pleas in reconvention should be set forth with the same certainty as to amounts, dates, &c., as if the party opposing them were himself plaintiff in a direct action." We are of opinion that the judge did not err, in *striking out* those pleas, as it is called; though the most legal and regular course would, perhaps, have been, to permit the parties to go to trial, and to have then rejected, on the objection of the plaintiff, any evidence the defendant might have offered. The *striking out* of a plea, which still remains in the record, and cannot be withdrawn without the consent of both parties, means, we suppose, that the judge intends to disregard it on the trial; and as, in this case, it gave the defendant an opportunity to avail himself of another ground of defence, no injury has been sustained by him, since the judge would have been right in rejecting any evidence he might have offered, in support of the plea in compensation and the demand in reconvention.

The first bill of exceptions in the series which the record exhibits, is to the opinion of the judge ordering an addition to be made to the testimony of a witness, which had been taken down by the clerk, after the witness had retired. This he did on motion of the plaintiff's counsel, although opposed by the defendant,

who insisted that it could not be done without recalling the witness. The addition was as follows : " Witness says he knows nothing more of what is contained in defendant's affidavit. Cross-examined—Says that the par value of the stock is $50." The judge, in the bill of exceptions, states that he permitted the correction to be made, as he had a perfect recollection that the witness stated what was inserted, and the clerk had omitted to take it down. We have not the shadow of a doubt but this is true. The high character of the judge forbids the suspicion of an improper motive, and none is imputed by the counsel ; but we are of opinion that the judge erred. The law requires the evidence to be taken down by the clerk, when required by the parties. Great care should be taken to get it correctly stated, and in all cases it should be read to the witness, before he leaves the stand ; and a judge has no right to add to, or take from it any thing, without recalling the witness, although his recollection may be clear that the witness stated what he adds. To do otherwise would be recording the recollections of the judge of the statement of the witness, and not the statement itself.

In the present case, the words added were very material. We have, therefore, noticed this bill particularly, with the view of establishing an inviolable rule, in regard to taking down testimony ; but in coming to a decision upon this case, have entirely excluded those words from our consideration, so that the defendant suffers no injury as his cause was not tried by a jury.

The second bill is to the refusal of the judge to compel a broker, who was examined in order to fix the market value of certain stocks, to disclose the names of the different persons to whom he had sold such stocks. The broker objected to answering, stating that he considered his transactions with other individuals as confidential and appertaining to themselves, but that if the court said he must answer, he would do so. The judge refused to compel the witness to disclose the names of the different purchasers, as there was no intimation of any intention to call on them to testify in contradiction to the broker, and the names were therefore immaterial. We think the judge decided correctly.

The third bill we consider as raising no question material in the case. The fourth relates to striking out the plea in compensation

and demand in reconvention, which has been settled by the decisions previously referred to. The fifth and last has also been decided, as it relates to the refusal of the judge to have witnesses attached, to prove the demands in reconvention and the plea in compensation.

Previous to the trial, the defendant made an affidavit, for the purpose of having his witnesses attached. In it, he stated what he expected to prove by them; and the plaintiff admitted, that if the witnesses were present, they would swear to what the defendant stated, reserving his objections to the admissibility of the evidence, and his right to show all the facts. This affidavit the defendant offered as evidence on the trial. He states that he had, at different times, transferred to the plaintiff twelve shares of City Bank stock for $600, and ten shares of Exchange Bank stock for $500, which he accepted for $1100, the plaintiff assuming to pay the amount of certain notes owing for the stock, or secured upon it; and, further, that the stock was worth at least $950, and *would pay* the present demand. There is ·no direct allegation that the stocks were accepted in payment, but an inference to that effect is attempted to be drawn.

The evidence really given on the trial shows, that Ferrand purchased the City Bank stock on a credit, and had not paid for it. That he gave his note to secure the price, which was endorsed by Jonau, to whom the stock was transferred some time after, to secure him as such endorser. It is shown that the note has not yet been paid; and further, that Ferrand had borrowed $600 of the City Bank on a pledge of the stock, previous to the transfer. The amount of the note endorsed by Jonau, is not shown; but, from the statement of the witness Bergerot, it is at least $400. He says, that was considered an available balance on it, and that Ferrand told him the stock would secure Jonau on his endorsement to that amount. It is proved that the City Bank stock was worth about $80 per share; so those twelve shares may be considered as absorbed by the two notes.

The Exchange Bank stock, the defendant states in his affidavit. was accepted at $500; and the plaintiff admits that the witnesses will swear to it; and he must abide by the consequences, unless he can explain or disprove it in such a manner as to avoid

the effect of the admission. This he attempts to do, by showing that only $50 per share was paid on the stock, and that it was worth but $15 in the market. But he does not show that he took it at the market price. He further relies on that portion of the defendant's answer which was stricken out, in which he says that the Exchange Bank stock was transferred to the plaintiff, to secure him for any liabilities he might then, or at any future period, be under, on account of endorsements as well as of moneys lent, or otherwise ; and on this the judge also relies in his judgment. Allowing the plaintiff the benefit of all this, he fails to sustain his case, as he does not show that he is under any other liabilities for the defendant, other than those secured by the City Bank stock, or that he has lent him any money other than the sum claimed. We think the effect of the plaintiff's admission has not been avoided, and that he must consequently give credit for the $500.

The judgment of the City Court is, therefore, reversed, and it is ordered and decreed, that the plaintiff recover of the defendant, the sum of four hundred and fifty dollars, with interest at five per cent from judicial demand, to wit, the 28th of August, 1841, until paid, and the costs in the inferior court, those of this court to be paid by the plaintiff.