STEPHEN EMILE PERCY *v.* ARTHUR PEYROUX.

Where the object of an action is to establish that defendant, a builder, has been paid for the work done by him under a contract with plaintiff, and to procure its erasure from the books of the Recorder of Mortgages, defendant may claim in reconvention a balance due to him, under another contract, for buildings and materials constructed on the same lot.

The owner of a building will be responsible for extra work done on it, though it be not proved that he ordered it, where it is shown, that he was at the building daily and must have seen it, and did not forbid it. If he did not want the work done, he should have prevented its execution.

A contractor who fails to complete a building within the time specified, will be responsible to the owner for the damage sustained by his failure to comply with his contract.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.

GARLAND, J. The plaintiff represents, that he and one Theodore Durel contracted with the defendant, to erect a dwelling house of brick, and some out-houses, according to a plan prepared by an architect, for which they were to pay $4350, at certain periods. The house was to be completed during the month of May, 1840. The petition alleges, that the house was not completed in the month of May, 1840 ; that the work done by the defendant was not executed in a workmanlike manner ; that the plaintiff had been compelled to employ other workmen to complete it, at an expense of $500, exceeding the contract price ; and that the defendant had received more than the work executed by him was worth. The plaintiff further represents, that notwithstanding these violations of his engagements, the defendant has had the contract in relation to the erection of the buildings recorded in the office of the Register of Mortgages, thereby creating a lien on the premises, and refuses to release it, although he well knows that nothing is due to him. The plaintiff alleges, that he has purchased all the rights of Durel to the property, and is seriously injured by the existence of this pretended mortgage ; wherefore he prays, that the same may be cancelled and erased, and for general relief in the premises.

The defendant admits the execution of the contract, and the recording thereof, which he avers was necessary to preserve his

legal rights. He alleges, that the plaintiff and Durel are indebted to him, *in solido*, in the sum of $1275 03, with legal interest, for work and labor, on the buildings mentioned in the petition, for which he has a privilege on the property, and also for work on other buildings erected on the same lot, under another contract, and for lumber furnished, and for extra work not mentioned in the contract, but done for and at the request of said Percy and Durel. He, therefore, prays that Durel may be made a party to the suit; that the answer may be served on him and Percy; and that judgment may be given on his demand in reconvention, against them for the sum claimed, with the privilege allowed by law. To this reconventional demand, Percy and Durel answered, that they were not indebted to the defendant, but that he is indebted to them, in the sum of $581 44, on an account stated, for which they prayed for judgment, in addition to the prayer of their original petition. The inferior court, after a long investigation and review of the evidence, gave a judgment in favor of Peyroux, the defendant, for $562 98, upon the payment of which, he is directed to release the mortgage on the property mentioned. From this judgment the plaintiff has appealed; and in this court the appellee asks for an amendment of the judgment in his favor, alleging that he is entitled to more than is allowed.

Our attention is first called to the exception of the plaintiff, that the demand in reconvention ought not to be allowed, as it is not incidental to, and connected with the original demand. We think the Judge did not err, in overruling the exception. The object of the suit was to show, that the defendant had been paid for his work, and that the contract had been discharged; it was competent for the latter to show the contrary; and, if he could, that a balance was still owing to him. All the matters in contest arise out of the construction of the buildings on the same lot, and specified in the contracts.

The plaintiff complains of an allowance of $123 50, for an additional room and gallery to the kitchen, for weather boarding the whole, and for a window and painting. The price of the building is not unreasonable. One witness says that the weather boarding was worth $30, and another $40. The Judge below saw and heard the witnesses testify, and we cannot say that he erred in

Percy v. Peyroux.

allowing the largest amount. The plaintiff is clearly bound to pay for the window, and the painting of the house. Admitting that he did not order it to be done, it is proved, that he was daily at the place, and must have seen it; and as he did not forbid the defendant from doing this work, he is bound to pay for it, as he is not entitled to enrich himself at the defendant's expense. If he did not want the work done, he should have prevented it.

The plaintiff further complains of the allowance of $200 for making the walls of the house twelve inches thick, instead of eight, as specified in the contract; and of $120 for making the partition walls of brick, instead of being studding, and lathed and plastered. A witness testifies to the value of these alterations in the plan, and he is not contradicted. Had the difference in cost not been so much, it would have been easy for the plaintiff to have procured some evidence on the subject. He had the house examined by an architect, and no questions were asked him as to the difference in cost.

For the reasons stated in relation to the painting, and the window in the kitchen, we think the plaintiff bound to pay for painting the stable, for the copper guards, for the dormant windows, and the difference in value in the gallery posts.

The next ground of complaint is, that only $150 is allowed to the plaintiff, for having the house finished, after the defendant quitted working on it. The evidence does not show how much the plaintiff paid for finishing the building, which he might have shown, we suppose. He relies upon the testimony of Cazanova, an architect, who says it would cost four or five hundred dollars to finish it. This is very vague, and shows that no calculation was made of the cost, or of what was paid; and the witness subsequently says, that he does not mean that it would cost that sum to finish it according to the plan. We, therefore, infer, that he meant it would cost that amount to complete it in the manner he supposed it ought to have been finished. The testimony does not authorize us to say that the Judge erred. The plaintiff having neglected to show what the work actually cost, must abide by the testimony as it is.

The last ground of complaint is, that the court only allowed the plaintiff rent for one month, when it ought to have allowed for

four months. · The contract was, that the house should be finished and delivered during all the month of May, at the latest. It was not completed, when the plaintiff took possession about the last of September, making four months, during which time, the plaintiff had to pay rent for a house in the city. It is in evidence, that Percy and Durel were to furnish a quantity of materials, which in consequence of the bad condition of the road to the Bayou St. John, could not be delivered for two or three months in the spring. This probably delayed the completion of the buildings for that space of time. In June or July, the plaintiff complained of the delay and negligence of the defendant, and threatened to sue him for damages. The defendant then promised that he would pay rent until the house was finished. The period of this promise is not definitely shown ; nor is the exact time established during which the defendant was delayed by the failure to deliver the materials. We, therefore, think it just to allow the plaintiff rent for one month more than the inferior court has allowed, which is sixty-two dollars and fifty cents.

The judgment of the Commercial Court, deducting therefrom the sum of sixty-two dollars and fifty cents, is affirmed ; the defendant and appellee paying the costs of the appeal.

*Blache,* for the appellant.

*Barthe,* for the defendant.