[ONONDAGA SPECIAL TERM, April, 1872. *Hardin*, Justice.]

————•●•————

AMOS A. BISSELL *vs.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

67b    385
e 75 AD⁵130

In an action to recover statutory penalties, commenced by the service of a summons only, there must be an indorsement upon the summons, of a reference to the statute giving the penalties for which the action is brought; otherwise the court will acquire no jurisdiction.

But if, after the service of the summons, the defendant serves a notice of appearance, that is equivalent to a service of the summons upon him; and such appearance gives jurisdiction, and cures defects in previous process.

Upon an appearance by an attorney in behalf of a defendant, jurisdiction can be predicated; and a judgment based thereon cannot be said to be void.

If a party omits to apply to the court for leave to enter a judgment, in a case where an application is necessary, the omission is a mere irregularity, and does not render the judgment void.

An order of the court, setting aside a summons for want of the proper indorsement, does not operate as a vacation of the judgment; where there is no provision in the order to that effect.

A judgment cannot be set aside for irregularity, on motion, after a lapse of one year from the time of entry, or notice thereof.

The "notice," referred to in section 174 of the Code, means a *written* notice. A verbal notice to the defendant, of the judgment, cannot be held to cut off the power of the court to interfere with the judgment, upon motion. Nor will a notice of retaxation of costs have that effect.

A party seeking to hold a judgment by reason of the lapse of time in moving to set it aside, which judgment is erroneous, or questionable on the merits, should be held to strict practice.

Where a party, in his notice of motion, asks for "such further relief as may be just," such relief may be given as the facts presented on the motion warrant.

A complaint contained allegations against the defendant for having, contrary to the "Act to prevent extortion by railroad companies," passed March 27, 1857, charged the plaintiff thirteen cents extra fare from L. to B. on 567 occasions, and asked for judgment for the excess, and $50 penalty for each

violation of the statute. *Held,* that the plaintiff was entitled to recover one penalty of $50, and the excessive fare paid, but was not entitled to recover 566 penalties, in addition.

MOTION on the part of the defendant to set aside a judgment for $28,373.58 damages, and $17.91 costs, entered in Oneida county clerk's office 2d September, 1871.

This action was brought to recover penalties given by the act of 1857 (chap. 185,) "to prevent extortion by railroad companies;" and was commenced by service of summons only, 17th May, 1875.

On the 20th May, 1871, C. S. Fairchild, Esq., an attorney of this court, served a notice of appearance and demand for a copy of the complaint. The complaint was served personally upon the defendant's attorney on the 28th day of June, 1871. The defendant gave notice of a motion, for the August Special Term, of 1871, at Herkimer, held by Justice MORGAN, to set aside the summons and complaint, on the ground that there was no indorsement upon the summons of a reference to the statute giving the penalties for which the action was brought.

The Special Term denied the motion. The defendant, on the 2d of September, 1871, appealed from the Special Term order to the General Term of the court. The appeal was heard, and on the 27th day of September, 1871, a decision was made in these words: "Order of Special Term reversed and summons set aside, with $10 costs." That order was entered with the clerk of Oneida county, as appears by his certificate.

The plaintiff issued execution upon the judgment, and the same was received by the sheriff of Oneida September 7, 1871, and a levy made upon the property of the defendant, soon thereafter.

The defendant moves to set aside the judgment and execution, for the following irregularities, to wit:

1st. That by the service of the summons, without an indorsement thereon referring to the statute giving the

action, the court acquired no jurisdiction, and the judgment was void.

2d. That said judgment was irregularly entered, no application having been made to the court therefor.

3d. That the order of the General Term of this court, setting aside the summons in this action, and the entry thereof in the county of Oneida, operated to vacate the judgment. And for such other or further relief as to the court shall seem just. The judgment had been entered more than a year when notice of this motion was given.

*James M. Willett*, for the motion.

*C. W. White*, opposed.

HARDIN, J. The plaintiff's learned counsel submits an elaborate argument, in which he undertakes to demonstrate that the summons required no indorsement of a reference to the statute giving the penalty, and that the Code has swept away the provisions of law in respect to such indorsement.

But those questions were examined by the General Term in this case, and in the case of *Sarah Cox* v. *New York Central and Hud. Riv. R. R. Co.*, decided in March, 1872.(*a*) In this last case JOHNSON, J., in delivering the opinion of the court, says: "All the decisions and books upon practice agree that the object of the Revised Statutes, in requiring this reference in actions for penalties to be indorsed upon the process issued, was to inform the defendant of the nature and cause of action against him." (*Avery* v. *Slack*, 17 *Wend.*, 86. *Thayer* v. *Lewis*, 4 *Denio*, 269. *Sawyer* v. *Schoonmaker*, 8 *How. Pr.*, 198. *Perry* v. *Tynen*, 22 *Barb.*, 139. *Andrews* v. *Harrington*, 19 *id.*, 343.) The same opinion, in alluding to the appeal from the Special Term in this

(*a*) 61 *Barb.*, 615.

present case, contains these words: "The summons had been served, without any reference appearing anywhere, and it was shown by the papers that the defendant did not know what the cause of action was until the complaint was served, after appearance by the defendant." The judge adds: "That case was properly decided, as there was no compliance whatever with *the requirements of the statute* when the *action was commenced.*" It being thus conclusively shown that the General Term held that the provisions of law requiring the indorsement of a summons by a reference to the statute giving the penalty, in this class of actions, must be complied with, it is the duty of this court to follow the law as laid down in the appellate court; and applying it to this case, the argument of the plaintiff's counsel upon this question need not be examined.

The learned counsel of the defendant insists that "the court acquired no jurisdiction of the defendant by the service of a summons without any reference being indorsed thereon to the statute giving the action."

After the service of the summons, the defendant served a notice of appearance, and that has been held, repeatedly, equivalent to the service of a summons.

Section 139 of the Code provides that "a voluntary appearance of a defendant is equivalent to the personal service of the summons upon him."

The cases hold that such an appearance gives jurisdiction, and cures defects in previous process. (*Wright* v. *Jeffrey,* 5 *Cowen,* 15.) In that case, the capias was returnable on Sunday, and the appearance was held to cure the defect. In *Vanderpoel* v. *Wright,* (1 *Cowen,* 209,) where the capias was served on Sunday, it was held that the appearance cured the service. In *Bixby* v. *Winchel,* (7 *Cowen,* 365,) it was held that by appearing on a void process, though without knowledge of its defect, the party had taken a step by which he was regularly in court; and the court refused to interfere where

Bissell *v.* New York Central Railroad Company.

it appeared the party acted in ignorance that the process was void. In *Webb* v. *Mott* (6 *How.*, 439,) it was held that a party, after a general appearance, cannot be heard to object to the jurisdiction of the court.

In *Dix* v. *Palmer* (5 *How.*, 233,) the court declares, "that a defendant having appeared in the action, generally, admits himself to be regularly in court, and therefore all defects in the summons, and its service, *and even the total omission of any summons at all, becomes immaterial.*" (9 *How.*, 445. 11 *id.*, 138. 1 *Abb.*, 248. 2 *id.*, 411. 17 *id.*, 36. 3 *Rob.*, 366.) It will be observed that section 139 of the Code declares "that from the time of the service of the summons in a civil action * * the *court is deemed* to have *acquired jurisdiction*, and to have *control* of all subsequent proceedings."

True, the summons is set aside by the order, but from the time of the service the court is to be "deemed to have acquired jurisdiction;" and especially in a case where there has been added to the *service* of summons a general notice of appearance by an attorney, in behalf of the defendant. (37 *N. Y.*, 502. 42 *id.*, 31.) The defendant urges that the judgment was irregularly entered because no application was made to the court.

If we assume that in this case an application should have been made to the court, for leave to enter judgment, the omission to do so was an irregularity. The judgment is not void for such omission. (*Bank of Genesee* v. *Spencer*, 18 *N. Y.*, 153. *Schaettler* v. *Gardiner*, 47 *id.*, 405.)

It is also insisted by the defendant's learned counsel, that the order of the General Term setting aside the summons for want of such indorsement, operated as a vacation of the judgment. There was no provision in the order of the General Term to that effect, and the most that was accomplished by the order was to strip from the record the summons.

The jurisdiction of the court over the parties, and the subject-matter, remained. As before shown, section 139 expressly declares that "from the time of the service of the summons, the court is to be deemed to have acquired jurisdiction." In this case there had been a general appearance, and that remained, and jurisdiction could be predicated upon it; and a judgment based upon it cannot be said to be void. The case of *Hullett* v. *Righters*, (13 *How.*, 43,) cited by defendant, was one where the jurisdiction of the court depended upon publication of summons, and it was clear, by inspection of the record, that the court had not acquired jurisdiction; and it was there very properly held that the judgment, being void, could be set aside after the lapse of a year.

The plaintiff insists that the judgment having remained for one year, cannot now be set aside.

So far as the grounds already considered are relied upon by the defendant, it may be assumed that they are confined to mere irregularities.

By section 2 of the Revised Statutes (*vol.* 2, *p.* 371,) it is provided that "no judgment in any court of record shall be set aside for irregularity, on motion, unless such motion be made within one year after the time such judgment was rendered." The irregularities complained of by the defendant are barred by that statute. (2 *Cowen*, 548. *Park* v. *Church*, 5 *How.*, 381.) Nor does section 174 of the Code authorize the court to set aside a judgment for mere irregularity, after one year from notice thereof. (*Van Benthuysen* v. *Lyle*, 8 *How.*, 312.)

The plaintiff's counsel insists that the court has no power to set aside a judgment on motion after one year has elapsed from notice of the entry of judgment.

The "notice" relied upon to bring the case within the provisions of section 174, is, first, a service of notice of retaxation of costs on December 5th, of September, 1871; and, secondly, the information given by the sheriff to

Bissell *v.* New York Central Railroad Company.

one of the officers of the defendant, that he had an execution on the judgment.

The "notice" referred to in section 174 of the Code means a *written notice*. It is provided by section 408, that "notices shall be in writing." That section has been held to justify the construction that where the word "notice" occurs in the Code, a written notice was intended. (7 *How.*, 108.)

This construction is in harmony with the general rule in respect to notices required by statutory provisions. (*Gilbert* v. *Columbia T. Co.*, 3 *John. Cases*, 108.) The court says, in that case, "a notice in legal proceedings means a *written notice.*" This case is quoted in the elaborate opinion of Justice BACON upon the subject of "notices" in *Lane* v. *Cary*, (19 *Barb.*, 537,) decided in this district in 1855.

The verbal notice, therefore, to the defendant or its officers cannot be held to cut off the power of the court to interfere with the judgment upon motion. The plaintiff has never given a formal written notice of the judgment, and no good reason can be suggested why a notice of retaxation of costs should be held to cut off a right to have a judgment set aside upon motion, manifestly erroneous, any more than to cut off the aggrieved party from a right to appeal from an erroneous judgment.

A party seeking to hold a judgment by reason of lapse of time, which is erroneous or questionable on the merits, should be held to strict practice. (*Champion* v. *Plymouth C. Society*, 42 *Barb.*, 441, *and cases cited.* 60 *Barb.*, 112.)

The notice of motion in this case, in addition to the irregularities complained of, asks for such other and further relief as may be just. Under such a notice it has been repeatedly held that such relief may be given, as the facts presented on the motion warrant. (*Thompson* v. *Erie R. R. Co., opinion by* FOLGER, J., 45 *N. Y.*,

476. *The People* v. *Nostrand,* 46 *id.,* 377, *opinion by* CHURCH, Ch. J.)

The complaint contains allegations against the defendant for having, contrary to "An act to prevent extortion by railroad companies," passed March 27, 1857, charged the plaintiff thirteen cents extra fare from Lockport to Buffalo on 567 occasions, and asks judgment for the excess, and fifty dollars penalty for each violation of the statute aforesaid.

The plaintiff is entitled to recover the excessive fare paid, but is not entitled to recover 567 penalties. The judgment is therefore erroneous ; and for 566 more penalties of fifty dollars each than is allowed by the law of the state, the plaintiff is not entitled to recover in this action. (*Fisher* v. *N. Y. Cen. and H. R. R. Co.,* 46 *N. Y.,* 644. *Four cases to same effect, reported* 47 *id.,* 678.)

There is no special affidavit of a defense on the merits, and the only defence suggested by the papers now before the court relates to the penalties stated claimed by the plaintiff, and for which he has entered judgment, contrary to the law as laid down by the Court of Appeals ; and considering the great delay and laches of the defendant, it is believed that the court should not open the default, if the plaintiff will stipulate to waive so much of the recovery as exceeds more than one penalty, and the excessive fare and costs.

An order will be allowed providing that the plaintiff may, within twenty days from the service thereof, file with the clerk of Oneida county a stipulation, and serve a copy on the defendants' attorneys, waiving all the recovery except for one penalty and the excessive fare paid, and costs ; and in that event the motion will be denied with $10 costs, and the judgment and execution shall be reduced to correspond with such stipulation. In case such stipulation shall not be filed and served as aforesaid, then the defendant shall have forty days from the service of the order, to serve an answer, and the

judgment and execution will be set aside, with $10 costs to the plaintiff.(*a*)

Order accordingly.

[ONEIDA SPECIAL TERM, October, 1872. *Hardin*, Justice.]

(*a*) The plaintiff appealed from above order, and the same was *affirmed* at a General Term in the Fourth Department, in January, 1873. Present, *Mullin*, P. J., and *Talcott* and *E. D. Smith*, JJ.