## No. 7.

### FLAVIUS C. GODBOLD *v.* W. C. HARRISON.

1. Defendant, setting up a demand in reconvention, must show, by his pleadings, that it is connected with, and incidental to, the principal demand.
2. A demand not equally liquidated with that sued upon cannot serve as a set-off or in compensation.
3. A demand not incidental to, and connected with, the principal demand, cannot be plead in reconvention.
4. The plea of compensation admits the debt sued upon, and even where the counter-demand is of such a nature as to serve for either compensation or reconvention, and defendant escapes the confession involved in the one by advancing his claim in the shape of reconvention alone, he cannot, without amendment, and after having forced plaintiff to his proof, have his plea in reconvention considered as one of compensation.
5. Where a party has been for years in the employment of another, during which time his rate of salary has been several times increased, and throughout his board has been considered included, without special mention, he had the right to suppose, in subsequent negotiations upon the same matter, that board was still included; and if the employer contemplated a change, it was incumbent upon him to mention the fact.

*Appeal from the Fourth District Court. Houston, Judge.*

*T. M. Gill* for plaintiff, appellee.
*Gibson, Hall & Montgomery* for defendant.

McGLOIN, J. Plaintiff sues for $623 05, alleging his employment in defendant's drug store as clerk during the year 1876, and that he was to receive in lieu of salary one-third of the net profits of the business, which proportion amounts to the sum demanded. The answer is a general denial, followed immediately by a demand in reconvention for $334 77, with interest and costs. As the basis of this demand he sets up payments to Godbold, amounting to $477 82, and a bill for twelve months' board at $40 per month, amounting to $480, the total of both claims being $957 82. Although this remarkable answer pleads neither payment nor compensation, the sum demanded in reconvention just equals the balance left after deducting from this aggregate the sum plaintiff sues for.

To evidence under this answer plaintiff objected on the grounds that the answer contained no averment of payment as such; that the reconventional demand formed no portion of the answer proper, and its averments could not be used to supply the deficiencies of the latter, (14 A. 860); that the counterclaims set up were in nowise incidental to, or connected with, the principal demand; and that the items relied upon were not set out with sufficient precision.

The court a qua overruled these objections, and the points were reserved. This ruling was placed upon the ground that the answer recited facts going to establish payment of a portion of the plaintiff's claim and the extinguishment by compensation of the remainder. Upon final hearing the judge found that defendant had paid $477 82, but that of this sum $324 13 was for salary due previous to 1876, and that the true credit in this case was $153 69. He also considered defendant entitled to charge for board, but only at the rate of $25 per month, and he fixed the balance due plaintiff at $169 36.

We do not agree with the learned judge a quo in his rulings upon the admission of evidence. To sanction them would, in our judgment, be to sweep away the distinctions which the Codes have drawn between the plea of payment and the incidental demands of compensation and reconvention. So far, however, as the question of payments is concerned, plaintiff by his answer in this Court, praying for augmentation of the judgment, and in his argument, has conceded these credits, as allowed in the judgment appealed from, and we are relieved from the duty of considering them. This leaves open only that portion of the demand in reconvention involving the board

A plaintiff is judged by the allegations of his petition; and as to his reconventional demand, a defendant becomes plaintiff and his rights must be also determined by the averments of his plea. In order to sustain it, the pleadings must show that the case comes within the scope of Art. 375 of the Code of Practice, and when this is denied, the averment must be made good upon the trial by competent proof. José Pi v. Vidal, 5 La. An. 503.

The article cited declares that, " *in order to entitle* the defendant to institute a demand in reconvention, *it is requisite* that such demand, though different from the main action, be *necessarily* connected with, and incidental to, the same," etc. We discover no averment in the answer showing that this claim for board is incidental to, or connected with, the demand for salary. On the contrary, were we disposed, for the sake of argument, to go beyond the bills of exception and beyond the answer, we find the defendant's theory of the case to be, that there was no connection between the contract for salary and plaintiff's alleged indebtedness for board. 28 La. An. 574; 13 An. 137; 10 An. 629; 5 An. 303; 3 An. 617; 7 Martin's N. S. 516. A careful examination of the cases cited as being contrary to this doctrine (12 La. An. 170; 5 Rob. 179; 6 N. S. 610; 10 La. 183), will show that where at all applicable, a connection between the counter-claim advanced and the principal demand is either expressed or implied.

The learned judge *a quo*, thought proper to consider this plea in reconvention the same as one in compensation. The Code of Practice, in conjunction with the Civil Code, defines each of these incidental demands, and draws very clearly the distinctions between them. Like novation, or payment, compensation is a declaration that the claim sued upon is *extinguished* and like them, it involves an admission of the original existence of the debt, because that which has never existed cannot be extinguished. The demand in reconvention is, on the other hand, practically a cumulation of counter-suits, permitted in certain cases, and involving no such admissions. To serve for compensation, the claim must be liquidated (C. C. 2209), which is unnecessary in the case of a reconvention. Connection with the original demand, is not necessary for the former, whereas it is essential to the latter. In view of legislation almost minutely definite, courts cannot lawfully assume a discretion and practically hold that there is no difference be-the two pleas, and that one may stand for the other. There are, it is true, demands, which being liquidated, and at the

same time connected with the principal demand, might serve either plea, or probably for both if so pleaded, but the claim in question is not one of these. If it were, having at the outset a choice between the two remedies, or possibly the privilege of uniting them, and having made an election, defendant should not be permitted to reconsider his action to the prejudice of his opponent. Electing to avail himself of the right to reconvene, and so escaping the admissions involved in the plea of compensation, after forcing plaintiff to his proof, defendant should not have been permitted to shift his position. In such cases, if permitted to avail himself of the same claim, by reason of its peculiar nature, by way of compensation and reconvention, at the same time; no injustice could befall plaintiff, for his demand would stand admitted, the same as though the plea in compensation had been advanced alone.

Moreover, article 567, Code of Practice, requires compensation, or set-off, to be pleaded specially, which is certainly not done, when the plea advanced is not compensation at all, but reconvention. Civil Code, article 2209, requires a claim to be *liquidated*, in order to serve for compensation. In this case, Godbold contends that his board was to be a part of his compensation, according to his contract, and that no price was agreed upon therefor. Harrison swears that there was nothing said about board, and his answer basis this portion of his demand upon a *quantum meruit*. This claim is certainly not liquidated as contemplated by law, and so could not be urged; in the face of objection, in compensation against the balance for salary due Godbold, and stated in the written account furnished to him by defendant. Chas. F. Berens *v.* R. J. Ker, 28 La. An. 96; Phelps *v.* Stone, 30 La. An. 617; Owen *v.* Vanderslice, 9 La. An. 189; Copely *v.* Lambeth, 9 Rob. 137; N. O. Gaslight Co. *v.* Hill, 2 La. An. 402; Coleman *v.* Marble, 9 La. An. 476. In Ferriber *v.* Latting, 9 An. 169, cited by defendant, no objection was interposed to the plea in compensation for unliquidated board, etc.

The learned judge *a quo* was, therefore, wrong in giving to this plea, the effect of one in compensation.

We feel all the more assured in coming to our conclusion, by the fact, that even had we gone into the evidence, our decree would have been the same. Godbold had been for years in the employment of defendant. His salary had been repeatedly increased, and with every change, board had been included, although not specially mentioned. When it came to. making this last one, Godbold had the right to suppose that his board would be still included, as before, and if Harrison contemplated any change in this respect, it was his duty to have so declared.

For these reasons, the judgment appealed from is reversed, and judgment is now rendered in favor of plaintiff, Flabius C. Godbold, and against defendant, William C. Harrison, in the sum of four hundred and sixty-nine $\frac{36}{100}$ dollars, with legal interest from December 31, 1876, defendant to pay costs in both courts.

Rehearing refused.