Garrett & Cottman vs. Todd.

---

## Garrett & Cottman v. James Todd.

1. Defendant, who sets up a reconventional demand against the action of a non-resident suitor, under the provision of Article 375 of the Code of Practice, and which demand is not connected with or incidental to the main cause of action, becomes, as to such demand, a plaintiff, and the same strict rules of practice apply to him as to a plaintiff in any ordinary action.

2. It matters not the *name* parties may give to their pleadings. Courts will look to the *substance* thereof, and determine accordingly.

3. When, under the guise of a reconventional demand, a plea in compensation is clearly disclosed, and an attempt is made to introduce proof to establish the same, and the tendency of which is to subject the liquidated demand of the plaintiff to the unliquidated claim set up by defendant, the proof, not being of equal dignity, will be refused.

4. The rule is without exception, that an unliquidated claim cannot be pleaded in compensation against a liquidated demand.

*Appeal from the Nineteenth Judicial District Court, Parish of St. Mary. Goode, J.*

*Don Caffery* for plaintiffs.

*Foster Brothers* for defendant, appellant.

8

DUMARTRAIT, J.—This action is based upon an unconditional obligation, in the form of a promissory note, executed by the defendant, and payable to the order of the plaintiffs.

Defendant, by way of defense, pleads that the note sued on, was given plaintiffs with the understanding that the same should be subject to a future settlement between them, he, defendant, having assumed to pay a certain indebtedness of Hine & Co. to plaintiffs, and having moreover certain claims against plaintiffs, growing out of certain transactions as their agent, in selling and disposing of plows for their manufactory, for commissions for collecting certain debts due them, etc. The claim of defendant is set up in the form of a plea in reconvention, which he claims he has a right to urge under Article 375 of the Code of Practice.

The plaintiffs being non-residents, we concede to the defendant his right to set up a reconventional demand under said Article cited.

The question, however, to be determined in this case is as to the correctness of the ruling of the Judge *a quo*, in refusing to admit parol evidence to " change, vary or alter the terms of a written agreement;" these are the words of the bill of exception before us, as to the ruling of the court.

We consider the ruling correct, as no evidence is allowable to prove the validity of an unliquidated claim as against a liquidated and absolute obligation to pay unconditionally, as represented by the note sued on in this instance.

Judgment affirmed.

---

### ON MOTION FOR A REHEARING.

BLAKE, J.—It is evident that the appellant has not seized the full scope and meaning of our decision.

The question involved is not as to whether, under the provision of Article 375 of the Code of Practice, a party defendant, who, having formulated his reconventional demand. should not be permitted to establish his claim by the same species of evidence as a plaintiff in any ordinary action is entitled to do, but relates to a

principle of the law of evidence governing pleas in compensation, and to the sufficiency of proof.

It matters not what names are given to pleas, the substance of the pleadings themselves will be looked to by the court, in order to determine their character.

In this case defendant has set up pleas putting at issue the unconditional character of the instrument sued on, by endeavoring to subject it to the terms of a private agreement; and the parol proof to do so, it is contended, tends to change, alter and vary the same.

This is undoubtedly true, and is in violation of one of the plainest principles of the law of evidence.

The plea set up tends to subject the unconditional obligation sued on to certain credits claimed by defendant for services rendered plaintiffs as their agent, and arising from other business transactions between them, *ergo* the plea is one of compensation.

The law is well settled, that an unliquidated claim cannot be pleaded in compensation against a liquidated demand, and for the obvious reason that the proof required in both cases is not of equal dignity.

Rehearing refused.