NO. 8005

**8005**

C O U R T   O F   A P P E A L

PARISH OF ORLEANS.

\*\*\*\*

NEW ORLEANS TERMINAL CO.

VERSUS

HAMPTON REYNOLDS.

By Dinkelspiel; J.

**8005**

By Dinkelspiel; J.

Plaintiff instituted this suit averring defendant was indebted unto plaintiff in the sum of Three Hundred Twenty One and 98/100 Dollars, together with interest at seven per cent from November 1st, 1914, until paid.

The substantial part of plaintiff's petition sets forth that under an agreement with defendant, of date August 16th, 1912, and sundry letters up to and including October 26th, 1912, it was agreed and understood in accordance with letter of October 30th, 1912, written by defendant, addressed to plaintiffs' General Manager and reading as follows:

> "New Orleans, La.
> Oct. 30th, 1912.
>
> Mr. E. A. Kelly,
> General Manager, N.O.T. Co.,
> City.
>
> Dear Sir:
>
> Yours letters August 16th, September 19th and October 26th received.
>
> Your proposition of August 16th, in which you state that you will rent me second hand sixty pound rail and angle bars on an interest charge of 7% per year, I to furnish necessary spikes, bolts, cross and switch ties and all other material and labor required; I to take care of the expense of loading up and movement to the Canal of the rail as well as taking up the rail, loading and unloading same after it has served its purpose, the Terminal Co. to furnish the frog and switch complete, is acceptable to me.
>
> Thanking you for your courtesy in this matter, I am.
>
> Yours truly,
>
> (Sgd) Hampton Reynolds."

Plaintiff avers that upon termination of the said lease/returned to petitioner rails and bars, and deducting the amount returned from the amount furnished by plaintiff to the said defendant leaves a balance of rails and angle bars due by defendant to plaintiff as follows:

504

MATERIAL RETURNED     60# Rail    60# Angle Bars
        30'-28'-36'-24'-22'

Jan. 1915. Trucked from
     Switch by
     Push Car....... 40 - - - - - - - - - -  40 Pairs

Feb.25/15 On Switch...... 60 - - - - - - - - - -  74 "
 "  "  Loaded in
     S.P.Car 45095.. 61 - 2 - 1 - - - - - -  67 "
 "  "  Loaded in
     O.G.N.Car 763.. 68 - 8 - 2 - 1 - - - -  6 "
June19/15 Returned....... 38      4    ———
         257. 10. 3. 1.4   187 "

Total returned,    60# Rail    60# Angle Bars
 As per above   30' Rail -  22' Rail
        *271    4   187

(*)28-36-&-24' rail counted as 30' rail in return from Reynolds.

   Deducting the amount returned from the amount
furnished by your petitioner to the said Hampton Reynolds
leaves a balance of rails and angle bars due by said
Reynolds to your petitioner, as follows, to-wit:

   33 - 60# Rail 30' lengths, and
   119 pairs 60# Angle Bars.

   And averring further that the value of said
rail not returned amounts to $238.68, based on weight
of 8.84 tons at $27.00 per gross ton and the value of
said angle bars is $83.30 based on 119 pr. at 70 Ct.
per pair, making a total of rail and angle bars of
$331.98, which plaintiff claims to be due by defend-
ant together with interest at seven per cent from
November 1st, 1914, until paid and finally concludes
with a prayor for judgment in favor of plaintiff and
against the defendant in the full sum of $331.98 with
interest at seven per cent from November 1st, 1914.

   To this petition defendant admits the indebted-
ness alleged in full, together with interest claimed
but because he does not know the value of said rail
and angle bars denies that he is indebted in the a-
mount claimed by plaintiff and finally claims that
plaintiff is indebted to him in the sum of $3285.31,
together with legal interest from November 22nd, 1914,
until paid.

That defendant is unable to file a reconventional demand because/~~if~~ before the institution of the present suit defendant entered a suit against plaintiff and one John Riess, claiming that they are indebted unto defendant jointly, severally and in solido in the sum of $2285.21, all of which claim is referred to in another suit of defendant versus Riess and others, being Number 114817, Division "E" of the Civil District Court and which said petition and exhibits, together with citation and returns thereon are made part of this answer and as an exception and defense to the demand herein for principal, interest and costs, defendant shows that so much of his demand in said suit in Division "E" of this Court against the plaintiff herein as would equal the amount this plaintiff would recoever against this defendant in this cause in principal, interest and costs, is a bar to any such recovery; and wherefore he prays for judgment in his favor.

To this answer, a reconventional demand, as it may be termed, plaintiff plead against the ~~plxxx~~ plea of compensation made by defendant herein, the prescription of one year.

And further that prior to the institution of the present suit, defendant instituted suit against the N. O. Terminal Company and John Riess, a suit in this Court under the number 114817, upon the same cause of action which forms the basis of the plea of compensation made be the defendant herein and alleges said suit was dismissed and subsequently affirmed on appeal, by the Supreme Court of this State, and therefore the judgment has become final and has acquired the force of the thing adjudged as between the parties to this suit.

Wherefore plaintiff prays that this plea of prescription and res adjudicata as to the plea of compensation made by the defendant be sustained. Anexed to the petition are itemized bills for the amount claimed.

On the trial of this cause the amount claimed was abundantly proved and the question presented to the Judge of the Court aquo and to this Court is whether or not the pleas of prescription of one year and pompensation can be or cannot be plead in this case.

An examination of the authorities satisfies us that a demand in reconvention, must show by his pleadings, that it is connected with, and incidental to, the principal demand.

A demand not equally liquidated with that sued upon cannot serve as a set-off or in compensation.

A demand not incidental to, and connected with, the principal demand, cannot be plead in reconvention.

The plea of compensation admits the debt sued upon, and even where the counter-demand is of such a nature as to serve for either compensation or reconvention, and defendant escapes the confession involved in the one by advancing his claim in the shape of reconvention alone, he cannot, without amendment, and after having forced plaintiff to his proof, have his plea in reconvention considered. as one of compensation.     Flavius B. Godbold vs. W. C. Harrison; McGloin's Reports, page 31, Vol. 1., and other authorities cited in the above cause.   Also see same case reported in same volume at page 178, where the doctrine was reaffirmed.

Art. 2209, C.C. Debts Compensable.   "Compensation takes place only between two debts, having equally for their object a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable.

The days of grace are no obstacle to the compensation."

"It is obvious that the debts cannot be equally liquidated when one or both of them is an unliquidated claim for damages."  Reynaud vs. His Creditors, 4 Rob. 514. Pike Lapeyre & Bro. vs. J. M. Wells, 24 Ann. 208.

We have carefully examined the brief of defendant and appellant in this cause and the maxim of the law quoted by him "qua temporalia sunt ad agendum sunt perpetua ad excipiendum" does not apply in this particular case.

The demand of plaintiff is a liquidated demand, hence we are constrained of the opinion that both the maxim and the authorities asserted by the learned counsel of the defendant in this case has no application to same.

Our brother of the Court aquo in an able written opinion, which we adopt and quote in full has done justice to all parties in interest.

"Hampton Reynolds is a general contractor, and a contract which had been awarded to him made it necessary that he have a switch or spur track connected with the tracks of the New Orleans Terminal Company. He obtained permission from the Terminal Company to build a switch to connect with its tracks. He reaised the roadbed necessary, laid the ties and having neither rails nor angle bars necessary for the work, leased these from the Terminal Company, under a contract evidenced by an exchange of letters. When he had finished the contract which was served by this switbh or spur track, another contract by a public board, known as Contract 67-D, was advertised and Reynolds bid upon it, as did another contractor, John Reiss, and the latter being the lowest bidder the contract was awarded to him.

Reynolds then offered to sell to Reiss the switch track as it stood, but no agreement was reached and the next thing that Reynolds knew of the matter was that the Terminal Company had turned the track as it stood over to Reiss, that Reiss had taken possession of it and was making use of it in carrying out his contract with the public board. Thereupon Reynolds brought suit against Reiss and the New Orleans Terminal Company, it being No. 114,817 of the docket of the Civil District Court for the Parish of Orleans, Division "E", in which he claimed from Reiss and the Terminal Company, in solido, damages in the sum of $2,285.21,

which he alleged was the value of the spur track.

This suit was brought more than a year after the Terminal Company and Reiss had taken possession of the spur track and the defendants interposed a plea of prescription of one year. The lower Court maintained the exception and dismissed the petition. An appeal was taken to the Supreme Court and that tribunal decided that the action of Reynolds was one ex delicto, sounding damages, and affirmed the judgment of the lower court. See case No. 21,916, Reynolds vs. Reiss et als of the docket of the Supreme Court, reported in Vol.81- 13, So. Rep., page 884, et seq.

After the decision of that case, the New Orleans Terminal Company brought suit against Reynolds in which it alleged the leasing of the rails and angle bars to Reynolds, as stated above, and alleged that Reynolds had failed to return 33 60 lb. rails of 30 foot lengths, and 119 pairs of 60 lbs. angle bars, which it alleged were worth together the sum of $321.98, and asked judgment for that amount with interest at 7 per cent, under the contract, from November 1, 1914, the date they should have been returned, until final payment.

The answer of the defendant admits everything alleged in the petition, except, of course, the conclusion of law that the amount was due and the price of the material not returned. In other words, the only thing which is not admitted in the petition is the price of the articles. The loss of them, the failure to return the obligation to return are all admitted.

However, the answer goes on and alleges that the plaintiff, the New Orleans Terminal Company, is indebted to him, Reynolds, in the sum of $2,385.31, for the reasons and causes set up in the case decided by Division "E" and the Supreme Court, hereinabove referred to, and the pleadings themselves allege the debt in compensation to the extent of whatever sum the Court might find due by

the defendant to the plaintiff on the cause of action alleged in the plaintiff's petition.

To this plea in compensation the New Orleans Terminal Company filed pleas of prescription and _res adjudicata_, setting up the prescription of one year and the judgment of the Civil District Court and of the Supreme Court, as hereinabove related; and the case coming up on these pleas was argued and submitted to the Court for adjudication.

The Court does not consider either of these ~~pleas~~ pleas good. The principle of ~~law~~ law expressed by the maxim,

"Quae sunt temporalia ad agendum sunt perpetua ad excipiendum" applies

It is true that Art. 2130 of the Civil Code under the heading "Of the manner in which obligations may be extinguished" enumerates nine manners. The article reading "Obligations are extinguished, then follows eight methods, the ninth and last read "By prescription which shall be treated of in a separate title."

But in my opinion this is not a correct statement. Obligations are _not_ extinguished by prescription. Prescription only has the effect of barring an action to enforce the obligation; the obligation remains. The obligation which, before the running of prescription, was a _perfect_ or _civil_ obligation, becomes by the accruing of the prescriptive bar a _natural_ obligation. The character of the obligation is changed, but the obligation remains. That which had been previously a civil or perfect obligation, becomes then a natural obligation unenforcible in law, and enforcible only in the form of concience and good morals. The proof that the obligation remains is patent in the language of the Code.

Art. 1757 of the Code declares that obligations are of three kinds: Imperfect obligations, natural obligations and civil or perfect obligations. This Article defines a

civil obligation to be, "A legal tie which gives the party, with whom it is contracted, the right of enforcing its performance by law". It defines a natural obligation to be one, "Which cannot be enforced by action but which is binding on the party who makes it, in conscience and according to natural justice."

Art. 1758 of the Code declares that natural obligations are of four kinds, the third kind of which it declares to be "When the action is barred by prescription, a natural obligation still subsists, although the civil obligation is extinguished."

And the succeeding Art. 1759, declares "That no suit will lie to recover what has been paid, or given in compliance with a natural obligation." and that a "Natural obligation is a sufficient consideration for a new contract."

Therefore, where the action to enforce the recover is barred by prescription, the obligation yet remains as a natural obligation, and under the principle of law above quoted, _quae temporaria,_ etc., it is forever effective as an exception or defense.

For these reasons the plea of prescription as herein pleaded against the use of this natural obligation as an exception or defense is not well taken.

As to the plea of _res adjudicata_, there has been no judgment rendered against Reynolds, except the one hereinabove detailed, in which it has been judicially declared that this prescriptive period had run at the time his suit was filed, and that he was thereby barred from recovery, and this judgment could only be plead as _res adjudicata_ against Reynolds in the event that he should come by direct action to enforce the natural obligation which yet remained.

But Reynolds seeks to oppose this natural obligation in compensation and, in my opinion, he cannot successfully do so. Art. 2209 of the Code declares: "Compensation takes place only between two debts, having equally for their object

a sum of money, or a certain quantity of consumable things of one and the same kind, and which are equally liquidated and demandable."

It is plain from this language that a debt which is not liquidated can never serve as a defense by way of compensation "Liquidate. Law

To determine by agreement or by litigation the precise amount of (indebtedness or damages); to make the amount of (indebtedness or damages) clear and certain, or to settle the date from which it may be calculated."

Webster's Dictionary.

"A debt or demand is liquidated whenever the a- mount is agreed on by the parties, or fixed by operation of law."

15 Ga. Rep. 321.

The Supreme Court has decided, as between these litigants, that the claim of Reynolds is one arising ex delict and sounding in damages, and nothing is better settled than that such an obligation or debt is never liquidated until it be done by agreement of the parties or by judgment of a court of competent jurisdiction.

It would be useless to say that the plaintiff's claim is equally unliquidated. As a matter of fact it is far nearer liquidation. All the facts set up by the plaintiff are admitted except only that the value placed upon the un-returned articles is left at large by the pleadings. It is plain from this statement that the claim of the plaintiff is far nearer liquidation than the defendant's, and the law is well settled that a debt offered in compensation must be equally as liquidated as that of the plaintiff. Se La Digest, Vo. 2, p 181, par 15:

(1829) Lacoste v. Bordere, 7 Mart. (N.S.) 517; (1832) Curtis v. Young, 4 La. 441; (1835)Blanchard v. Cole, 8 La.,.153,159; (1835) Hoffman v. Pontchartrain R. Co. 9 La., 20,22; (1842) Jonau v. Ferrand, 2 Rob. 216; (1842) Jonau v Ferrand, 3 Rob. 364; (1844) Copley v Lambeth, 9 Rob. 137; (1848) Phelps v Stone 3 La Ann. 617; (1850) Piv Vidal, 5 La. Ann. 303; (1851) Bristow v Erwin, 6 La. Ann, 102; (1854) Owen v Vanderslice, 9 La Ann 189; (1854) Coleman v. Marble, 9 La Ann 576; (1859) State v Leckie, 14 La. Ann 636; (1876) Berens v Ker, 28 La Ann 96; (1881) Godbold v Harrison, 1 McGloin 31; (1881) Baldwin v Handy, 1 McGloin 189; (1884) Garrett v Todd, 2 McGloin 57; (1909) Monroe Grocer Co v Perdue, 123 La. 375, 48 So 1002.

For these reasons the pleas of prescription and res adjudicata will be over-ruled and when the case comes up for trial on the merits the compensation pleaded will be disallowed, and judgment will be rendered in favor of the plaintiff for whatever sum it succeeds in proving is a just value for its unreturned rails and angle bars.

New Orleans, June 4, 1920.

(Sgd.) H. C. Cage
Judge."

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the lower Court be and it is hereby affirmed, with costs of both Courts to be paid by the defendant-appellant.

Judgment affirmed.